## Elizabeth McCoy v. Martin Brennan, Sheriff of Bay County.

*Trover—For exempt property—Declaration should be special under How. Stat. sec. 7343—Objection comes too late after proof is all received—Amendment should be allowed below, and will be in Supreme Court—Execution—Levy on exempt property—Claimant should make selection—If he does not, officer must do so for him—Failure will make him liable as a tort feasor from the beginning—Copartnership—Each member entitled to statutory exemption—Right not affected by fact of claimant having drawn largely from the firm assets—Dealings between partners or with creditors not inquirable in such a collateral proceeding—Equity the proper forum for such accounting—Married woman—Member of firm composed of herself and two sons, who are the active members—She having no other business—Is entitled to her exemption—Housekeeping is not an occupation or business within How. Stat. sec. 7686, 8th subdiv.—Right of exemption an individual one—Which each partner can enforce in a separate suit.*

1. Plaintiff sued a sheriff in trover for the conversion of goods in which she claimed, and was denied, her statutory exemption, declaring in the usual form.

   *Held*, that the declaration should have been special, as provided in How. Stat. § 7343 (see opinion, p.366); but it appearing that *all* of the proof was admitted *without* objection on *that* ground, *held*, further, that the objection came too late, and an amendment should have been and will now be permitted to remedy the defect.

2. Where property is levied upon in which an exemption is claimed, the claimant, on being notified of the levy, should make his selection, and on his failure to do so it is the duty of the officer to make it for him; and a sale by a sheriff in violation of these statutory rights and duties is a conversion, respecting which he may be regarded as a *tort feasor* from the beginning, and as having received goods contrary to the provisions of the statute exempting property from sale on execution.

3. It is a settled question in this State that *each* member of a firm against which an execution is levied may claim the statutory exemption from such process. *Skinner v. Shannon*, 44 Mich. 86; *Waite v. Mathews*, 50 Id. 393; *Chipman v. Kellogg*, 60 Id. 438.

4. In a suit against a sheriff for the sale on execution of copartnership goods in which the plaintiff claimed, and was denied, her statutory exemption as a member of the firm, it appeared that shortly prior to the levy she had drawn one thousand dollars from the firm assets for her individual use.

*Held,* that this fact was not available to the defendant; that the dealings and adjustments between partners, or between partners and creditors, cannot be inquired into in such a collateral proceeding, nor does the exemption of a partner depend on whether he has drawn more than his share out of the firm assets, which question can only be reached on an accounting and winding up of the copartnership in equity.

5. A married woman and her two sons were copartners, *they* having the active management of the business, and she residing with her husband about twenty miles from the place of business of the firm, which she visited once in two weeks, or oftener, and was advised from time to time by her sons of its condition. She was not engaged, nor had she any interest, in any other business, her principal occupation being that of housekeeping for her husband.

*Held,* in a suit brought by her to recover for the conversion of her statutory exemption in the copartnership property, that housekeeping is not included in the "occupation" or "business" mentioned in the 8th subdivision of How. Stat. § 7686; and that it is not necessary that a partner should be an *active* member of the firm to entitle him to such exemption.

6. The statutory right of exemption is an *individual* one, which each partner can enforce as an individual in a separate suit. *Newton v. Howe,* 29 Wis. 531; *Russell v. Lennon,* 39 Id. 570.

Error to Bay. (Green, J.) Argued April 30, 1886. Decided May 6, 1886.

Trover. Plaintiff brings error. Reversed. The facts are stated in the opinion and head-notes.

*T. A. E. & J. C. Weadock,* for appellant:

The declaration was in trover, for goods *wrongfully* converted by defendant if plaintiff was entitled to her exemption as one of the partners. How. Stat. § 7343, does not apply. The goods in question were not received by the sheriff "contrary to the provision of any statute," but in obedience to the statute which made it his duty to levy upon all the goods, make an inventory, and permit the partners to select their exemptions, or if they failed to do so, to set them apart. We do not complain of the receiving or taking of the goods, but of the wrongful conversion. There could be no parceling out, as plaintiff's demand was refused: *Town v. Elmore,* 38 Mich. 305; *O'Gorman v. Fink,* 57 Wis. 649, 650.

Each member of a firm may claim the amount of goods exempt from execution: *Rosenthal v. Scott*, 41 Mich. 633; *Skinner v. Shannon*, 44 Id. 86; *Waite v. Mathews*, 50 Id. 393.

The right to the statutory exemption is the *several* right of *each* partner: *Newton v. Howe*, 29 Wis. 531; *Russell v. Lennon*, 39 Id. 570.

A separate demand by each partner for his exemption is such a severance as will entitle each to recover in a suit for conversion: *O' Gorman v. Fink*, 57 Wis. 649, 650.

The fact that Mrs. McCoy was a married woman, residing with her husband, does not affect her rights in this case. Our statute and the decisions of our courts have so firmly established the rights of married women that particular reference to them is deemed unnecessary.

Neither does the fact that Mrs. McCoy had drawn a thousand dollars from the firm prior to the levy of the attachment affect her rights. The other partners may have drawn as much or more, and they were allowed their exemptions. She may have drawn nothing during the year except this sum, and she had a legal right to draw the money.

*Shepard & Lyon*, for defendant:

Plaintiff is not entitled to any exemption. She took no *active* part in the management of the business, residing with her husband, twenty miles from the scene of operations, giving her *whole* attention to her household duties. She was not wholly or principally engaged with her two sons in the business carried on by them.

But if entitled to such exemption under ordinary circumstances, the fact of her having drawn out $1,000 from the firm assets, which she had at time of levy, and has since retained, and which was beyond the reach of firm creditors, estops her from claiming such statutory right: *Skinner v. Shannon*, 44 Mich. 88; *Anderson v. Odell*, 51 Id. 493.

If entitled to such exemption plaintiff should have brought a special action on the case, and cannot recover as *sole* plaintiff in trover.

The sheriff attached about $1,200 worth of goods, and had a right to their *temporary* possession and the *continued* custody of part of same: *Sheldon v. Rounds*, 40 Mich. 425; plaintiff's action is for an exemption interest in *all* of the goods, or a right to selection, and not of a *separate* portion thereof.

The exemption belonged to the copartnership. It was

not a divided ownership or possession, and a joint action should have been brought.

If plaintiff's action is maintainable at all, her declaration should have been drawn under How. Stat. § 7343.

CHAMPLIN, J. As sheriff of Bay county, defendant levied upon a stock of goods belonging to the firm of E. McCoy & Co., composed of the plaintiff, Elizabeth McCoy, and her two sons, William and Robert McCoy.

Elizabeth was a married woman, and resided with her husband in West Bay City.

The business of the firm was carried on at Pinconning, about twenty miles from the place where plaintiff resided, by the other two members of the firm. The partnership was formed in February, 1884. The plaintiff was a general partner, and prior to the levy she had drawn from the assets of the firm, from time to time, in money, $1,000, to pay upon a mortgage upon the homestead where she resided. This sum was more than she had ever invested in the business.

She visited Pinconning for the purpose of looking after the business about once in two weeks, or oftener, and when William and Robert McCoy, who were in the active management of the business, came down to Bay City to buy goods they would report to her the condition of the business, and advise with her as to its management. She was engaged in no other business, and had no interest in any other business, than this grocery firm at Pinconning. While the firm was doing business she was at home engaged in the ordinary business of housekeeping, occupying a house with her husband, attending and having charge of the details of her housekeeping as her principal occupation. She never took an active part, or any part whatever, in the management of the business at Pinconning.

At the time the levy was made the partners William and Robert McCoy claimed their exemption of $250 worth each of the goods, which exemption was set apart and delivered to them. The plaintiff also claimed $250 worth of the stock in trade as exempt, and demanded that the same be set aside to her, which demand was refused by the sheriff, who after-

wards sold and disposed of the property; whereupon she brought this action of trover against the sheriff, and in her declaration counted for a conversion in the common-law form of that action, and made no reference to the statute providing for exemptions.

The defendant pleaded the general issue, and attached thereto a justification under the writ of attachment under which he levied. The court charged the jury that, upon the above facts, which were agreed upon, under the declaration, the plaintiff could not recover. Plaintiff brings error, and presents two questions for our consideration :

1. Was the declaration sufficient ?
2. Was the plaintiff entitled to recover ?

How. Stat. § 7343, provides :

" If an action of trover be brought for any goods or other things received contrary to the provisions of any statute, the plaintiff shall set forth in his declaration that such goods or other things were converted by the defendant, contrary to the provisions of such statute, referring to the same, as prescribed in the preceding sections."

The seizure by the sheriff was unlawful. If a portion of the property was exempt, it was the duty of the plaintiff, upon being notified of the levy, to select her exemption, and if she failed to do so, it became the duty of the sheriff to make the selection for her, and it would be a violation of his duty to proceed to a sale without setting out the exempt property. These duties are pointed out by the statute. It is the statute which gives the exemption, and points out the duty concerning it.

A sale by the sheriff contrary to the statute, or without observing its provisions for the protection of the debtor's exemption, is a conversion, respecting which he may be regarded as a tort feasor from the beginning, and he may be regarded as having received goods contrary to the provisions of the statute exempting property from sale on execution.

Had the exemption consisted of property exempt from execution *eo nomine*, it would be clear that he received the goods contrary to the provisions of the statute; and as the

exemption exists solely by statute, in suing the officer it would be necessary to count upon the statute in the declaration, in order to admit proof to show it was exempt from execution. So, in this case, the plaintiff should have declared specially, setting forth the facts which showed the property exempt, and that the property was converted contrary to the provisions of the statute giving her the exemption, referring to the same.

But as the proof was all admitted before the objection was made, we think it came too late, and an amendment should have been and will now be permitted in that respect.

The more serious question is whether the plaintiff was entitled to an exemption of $250 from the stock in trade of the partnership property. It is a settled question in this State that each member of a firm against which execution is levied may claim the statutory exemption from execution: *Skinner v. Shannon*, 44 Mich. 86; *Waite v. Mathews*, 50 Id. 393.

The only reasons urged why the plaintiff is not entitled to the benefit of the statute are :

1. That she has drawn from the firm $1,000 which she has applied to her individual use.

2. That she was principally engaged in the occupation of housekeeping, and the statute only allows an exemption in the business in which the debtor is wholly or principally engaged.

The first objection cannot be raised by the defendant. The partnership dealings and adjustment between the partners, or between the partners and creditors, cannot be inquired into in this collateral proceeding, nor does the exemption depend upon whether one partner has drawn out more than his share. This question can only be reached by proceedings in equity, upon an accounting and winding up of the concern.

The second reason stated is not sufficient to bar a recovery. The occupation or business referred to in the statute in which a party may be engaged is not that of housekeeping. What property would be exempt to a person engaged in carrying on the ordinary duties of housekeeping ?

The record shows that the business of this firm—that is, merchandising—was the principal business in which she was

engaged, and that she had no other.  I do not think it is
necessary that a partner should be an active member of the
firm in order to be entitled to his exemption.  He may be
absent; he may be unable to give his personal attention
through illness or inability to render assistance.  The law
has made no distinction between the active and passive mem-
bers of a firm.  That each should be entitled to his exemp-
tion works no harm or hardship to creditors.  Every one deal-
ing with a firm has a right to know, and is supposed to inquire,
who compose the firm.  Creditors give credit to the firm
knowing that each partner is entitled to an exemption in a
mercantile firm, and rate them accordingly.

Defendant also claims that the plaintiff cannot maintain a
separate action for her exemption, but that all the other mem-
bers are interested in the property as firm property, and must
be joined as plaintiffs in the action.  But the right of
exemption is an individual right, and not a right of the
firm as such.  This right conferred by statute upon the
individual is the basis of the determination that each partner
is entitled to his exemption out of the firm property.  If his
right is individual, he can enforce it separately, and as an
individual : *Newton v. Howe*, 29 Wis. 531; *Russell v. Len-
non*, 39 Id. 570.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.