[No. 1602.  Decided March 7, 1895.]

J. H. DENNIS, *Appellant*, v. KASS & COMPANY *et al.*,
*Respondents.*

EXEMPTIONS—WHEN INDIVIDUAL PARTNER ENTITLED TO IN PARTNERSHIP
PROPERTY.

A partner is entitled to an exemption out of partnership property for his individual debt, when he has obtained possession and control thereof during the pendency of a suit to dissolve the partnership, his relation to the property being substantially that of a tenant in common, and, at the time of his claim of exemption, there are no partnership debts remaining unpaid.

*Appeal from Superior Court, King County.*

*William E. Humphrey*, for appellant.

*Steele & Gephart*, for respondents.

The opinion of the court was delivered by

HOYT, C. J.— Respondent Terry King was a constable in the city of Seattle. The other respondents were judgment creditors of the appellant. They caused an

23—11 WASH.

execution to issue upon their judgment, and placed it in the hands of King for service. He levied the same upon the interest of the appellant in certain personal property. This property, or a portion thereof, was claimed by appellant under the exemption laws, and proper and timely steps were taken to protect his rights under such laws. No part of the property was set off to him, and his interest in all the property was sold, and bid in by the judgment creditors. This action was brought to recover damages for the alleged wrongful action of the constable under the execution. The facts relating to the property levied upon were as follows: The appellant and one Wales had been partners in the restaurant business, and the partnership of which they were members was the owner of the property in question. The partner, Wales, long prior to the levy upon the property, had been enjoined from conducting the restaurant business, either with his partner, the appellant, or on his own account. He had also brought an action to have the partnership dissolved, and in such action had sought the appointment of a receiver to take possession of the property of the partnership. The appellant, by giving bond on appeal, had retained the possession of the property, and had conducted the restaurant business in his own name, and in so doing made use of the property which had belonged to the partnership. While he was so conducting the business, he had paid off all the partnership debts. Under these circumstances it is claimed that he was entitled to have his exemptions set off to him out of said property when levied upon to satisfy a judgment against him.

Whether or not the interest of the appellant in this property was such that he could claim it as exempt, is the important question to be decided; in fact, it is the only one suggested upon the oral argument, and the

only one suggested in the briefs of sufficient importtance to require attention. Whether or not individual partners can claim exemptions out of partnership property is a question which has often received the attention of the courts. The adjudications in reference thereto cannot be harmonized, though, in our opinion, there is not so much difference in the decisions upon the subject as a superficial examination would lead one to suppose. An examination of the cases cited in the carefully prepared brief of the respondents will show that a critical examination must be made to determine the weight of authority upon the exact question here presented. A reference to the facts shows that the case at bar called for no investigation as to whether or not exemptions should be allowed the individual partners out of partnership property when levied upon under a judgment against the partnership. Yet many of the cases cited are those in which the question was as to the right of the partnership, or its individual members, to exemptions when the execution was upon a judgment for a partnership debt.

. These citations were, however, largely justified by the manner in which this subject has been treated by many of the text writers, and most of the courts. Not one out of five of the large number of cases which we have examined makes, or seeks to make, any distinction whatever between a judgment against the partnership and one against the individual partner claiming the exemption. Even when the question before the court was as to an exemption from execution against the individual partner, the reasoning and citation of authorities have in most of the cases shown that there was no discrimination between cases like the one at bar and those in which the execution was against the

partnership. That such discrimination is necessary to a correct determination of the question presented is clear. Partnership debts have a superior claim to partnership assets. Hence it may be reasonable to hold that the members of the partnership could claim no exemptions out of such assets against such debts; but it does not at all follow that the holding should be the same when the debt is that of the partner who seeks the exemption. The holding as to non-exemption even against partnership debts is not universal. Many courts of the highest standing have held that the individual partners could claim exemptions out of the partnership property when levied upon under a judgment against the partnership, and some have even held that the partnership itself could claim such exemptions. See *Skinner v. Shannon*, 44 Mich. 86 (6 N. W. 108, 38 Am. Rep. 232); *Waite v. Mathews*, 50 Mich. 393 (15 N. W. 524); *McCoy v. Brennan*, 61 Mich. 362 (28 N. W. 129, 1 Am. St. Rep. 589); *Stewart v. Brown*, 37 N. Y. 350 (93 Am. Dec. 578).

It must be conceded, however, that the decided weight of authority is to the effect that exemptions cannot be allowed in such cases. But it does not follow that any such weight of authority, or any weight at all, is against the proposition that exemptions ought to be allowed when the execution is against an individual member of the partnership. Our examination of the cases has led us to believe that a decided majority of the courts which has made any distinction between a judgment against the partnership and one against the individual partner have held that exemptions should be allowed when the judgment is against such individual partner. See *Evans v. Bryan*, 95 N. C. 174 (59 Am. Rep. 233); *Moyer v. Drummond*, 32 S. C. 165 (10 S. E. 952, 17 Am. St. Rep. 850); *Ex Parte*

*Karish*, 32 S. C. 437 (11 S. E. 298); *Blanchard v. Paschal*, 68 Ga. 32 (45 Am. Rep. 474); Waples, Homesteads and Exemptions, p. 909.

In these cases the property was that of a partnership, doing business at the time of the levy, and if exemptions could be claimed under such circumstances they could much better be claimed out of property situated as was that in the case at bar. The partnership which had owned this property was no longer doing business. And such conditions had been produced by the action of the partners as to work a dissolution of the partnership. All of the partnership debts had been paid, and the property was in the possession of the individual partner, who claimed the exemptions. Under these circumstances the reasoning of the courts which have held against such exemptions has no force. It is true the partnership affairs had not been adjusted, and for that reason the interest of each of the partners was to a certain extent uncertain, but there is no reason why the partner in whose possession the goods were found should not have been allowed to claim them as exempt, for the reason that some other person might have an interest therein, certain or uncertain. If such partner had an interest in the property, which could be levied upon under an execution against him alone, he had such an interest as should entitle him to his exemptions out of it. The officer found him in possession of the property. He levied upon it because of the interest which he had, or was supposed to have, therein. Having done so he could not rightfully refuse to set aside exemptions therefrom because of the fact that some other person had, or might have, an interest in the property. The great weight of authority is in favor of the proposition that exemptions may be allowed out of property held with another as tenant in

common, and the same course of reasoning which establishes this proposition will sustain the allowance of exemptions out of partnership property when levied upon under an execution against an individual partner. But it is not necessary, in this case, to resort to such a course of reasoning, since the facts show that the relation of the appellant to the property was substantially that of a tenant in common.

The cases which have held that partnership property could not be levied upon have founded their reasoning largely upon the inconvenience and uncertainty which would arise if such exemptions were allowed. Such courts say that the interest in the property is uncertain, that the partner who seeks his exemptions therefrom does not own it, and that for that reason it cannot be set aside as his property. A sufficient answer to this course of reasoning when the execution is against one of the partners, is found in the fact that so far as exemptions are concerned, it is of no concern to the officer whether or not the entire title to the property levied upon is vested in the judgment debtor. For the purpose of determing the amount which is exempt, it must be assumed that he owns the property, but the facts of such assumption and of the setting aside of the property to him will have no effect upon the title thereto.

Exemption statutes should receive a liberal construction, and the aim of courts should be to see that those entitled to the benefits thereof receive the same. To hold that one against whom an officer has an execution is entitled to have a certain amount of property, of which he has the entire title, exempted therefrom, and at the same time to hold that he could have no exemptions out of such property if he was not the sole owner, is to do violence to the evident intention of the

statute. The different text writers upon the subject, though most of them have fallen into the error of grouping cases of judgments against a partnership with those against the individual members thereof, have come to the conclusion that, upon principle, exemptions should be allowed to the individual partner when the levy is under a judgment against him; and those of such writers who have carefully discriminated between cases of this kind, and those in which the judgments were against the partnership, have arrived at the conclusion that such doctrine is sustained by authority. The others seem to concede that the weight of authority is the other way, but we are not satisfied that such concession was the necessary result of the cases when critically examined.

Mr. Thompson, in his work on Homesteads and Exemptions, discusses this subject with ability, and after citing the cases upon each side of the question, sums up his conclusions in § 216 by the statement that the courts which have held that exemptions could not be had out of partnership property when levied upon under an execution against the individual partner have done so in the face of the statutes, for the reason that the rule announced by them is more convenient of execution than would be one which allowed such exemptions.

The respondents cite the case of *Charleson v. McGraw*, 3 Wash. T. 344 (17 Pac. 883), to sustain their contention, but an examination of that case will show that it is not in point under the facts in this. In the opinion in that case, the learned judge who wrote it supposes a case similar to the one at bar, and says that in such a case exemptions could be allowed. Hence, so far as it is in point, it supports the rule for which appellant

contends, and which, under the circumstances of this case, we are compelled to sustain.

The judgment will be reversed and the cause remanded for a new trial.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.