[No. 2947. Decided June 17, 1898.]

R. C. BISHOP, *Respondent*, v. G. W. AVERILL *et ux.,*
*Appellants.*

AMENDMENT OF PLEADINGS — DISCRETION OF COURT.

An application by defendants to amend their answer so as to
question the individual liability of one of them, made at the
commencement of a second trial after the cause had been once
tried and appealed on the same pleadings, is a matter peculiarly
within the discretion of the superior court, and its action will
not be disturbed in the absence of a showing of abuse of such
discretion.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge. Affirmed.

*Stoll, Stephens, Bunn & Macdonald,* for appellants.

*Danson & Huneke,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—This is the second appeal in this cause. The
first was heard and determined and is reported in 17 Wash.
209 (49 Pac. 237), and the exhaustive discussion, with the
full statement of facts there found renders it unnecessary
to re-state the case here. There was, further, an opinion
on a petition for rehearing, 17 Wash. 222 (50 Pac. 1024).
The cause is now here again and the appellants complain

that the superior court erred in overruling appellant's objection to the introduction of any evidence against the appellant Flora A. Averill, and in overruling her motion subsequently made to direct a verdict in her favor, and that the court erred in denying appellant's application to amend their answer. Several errors are assigned upon the ruling of the superior court upon the admission of evidence in the case, but in the view here taken of the controversy the introduction of, or objection to, such testimony was immaterial. The cause had been tried in the superior court upon the same pleadings and heard upon appeal in this court. The liability of Flora A. Averill seems to have been questioned by appellants only at the commencement of the last trial, and appellants then requested to file an amended answer, which was resisted by the respondent. At this stage in the history of the cause it was a matter peculiarly within the discretion of the superior court whether an amended answer could be filed and such discretion evidently was not abused. In view of the complete review of the essential features of this cause in the former opinion of the court, we do not think that it would be of any value to again discuss many of the questions or much of the argument made by appellants.

The judgment of the superior court is affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.