[No. 4055. Decided January 3, 1902.]

ALBERT E. JONES, Appellant, v. WESTERN MANUFACTURING COMPANY et al., Respondents.

CORPORATE STOCK — ACTION TO RECOVER — NON-SUIT — SUFFICIENCY OF EVIDENCE ESTABLISHING OWNERSHIP.

In an action to recover five shares of stock in a corporation, the granting of a non-suit on the ground of there being no evi-

dence that plaintiff was the owner of the stock was erroneous, where it appeared that plaintiff had subscribed and paid for the stock; that he had delivered it to the general manager of the corporation for purpose of sale, indorsing an assignment on the shares and giving such officer irrevocable power to transfer the stock on the corporate books, but with the understanding that such stock should be returned in ninety days if cash could not be obtained therefor, said general manager giving to plaintiff ten shares of the company's stock to hold as collateral for a note to plaintiff for the value of his shares; that plaintiff surrendered such collateral and received an order from the general manager on the president of the corporation to deliver plaintiff his five shares in payment of the general manager's note, which was refused by the president; that an assignment of the certificate was indorsed thereon by the general manager to another person, but there was no proof of the execution of such assignment, nor of the payment of any consideration therefor, nor of the existence of such a person as the assignee, while the answer of the corporation set up a delivery of such certificate as a pledge for a loan to an entirely different party on the same date as that of the alleged assignment, and set up sale and delivery of the stock to such alleged assignee at a date five months subsequent to that indorsed on the certificate, prior to which last date plaintiff's contract of sale had been rescinded.

SAME — EVIDENCE — CONVERSATIONS AGAINST INTEREST.

In an action to recover shares of stock that had been delivered to the corporation for sale, where there is an issue as to whether the sale had been made by the officers before rescission by the stockholder, conversations of the officers subsequent to the date of the alleged sale tending to show that others than the alleged purchasers are the owners of the corporate stock are admissible in evidence.

SAME — FAILURE TO KEEP BOOKS OF ACCOUNT.

In an action against a corporation for the appointment of a receiver and the recovery of shares of stock, testimony as to the fact that no books of account were kept by the corporation is admissible.

SAME — DISSIPATION OF ASSETS.

In an action by a stockholder for the appointment of a receiver and an accounting in which the complaint alleged that certain machinery of the value of $1,200 was sold to the father of one of the officers of the corporation for half that sum, evidence is ad-

missible showing the negotiations of a third party for the purchase of such machinery, and the amount of his offer therefor.

REVENUE STAMPS.

Revenue stamps, omitted through inadvertence, could be attached to a stock certificate at any time, and their absence would not consequently invalidate the certificate.

TRIAL — ADMISSION OF EVIDENCE IN EQUITABLE CAUSES.

In an equity suit, where the facts are determined by the court and reviewable on appeal, considerable latitude should be allowed in the examination of witnesses, and they should be allowed to testify as to facts which at first blush might not appear to be relevant, if there is a possibility of the relevancy of such testimony.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM O. CHAPMAN, Judge. Reversed.

*Frank H. Graham,* for appellant.

*Govnor Teats,* for respondents.

The opinion of the court was delivered by

WHITE, J.—This action is brought by one claiming to be a stockholder, against the corporation and its officers, for the purpose of having returned to the appellant five shares of stock of the corporation, and for the appointment of a receiver for the corporation. The first allegations of the complaint, which are not denied, are that the Western Manufacturing Company is a corporation organized under the laws of the state of Washington for the purpose of manufacturing lumber and other timber products, and for other purposes, having its principal place of business in Tacoma, Washington, and that the articles of incorporation were filed in the auditor's office of Pierce county, on May 3, 1900; that defendants Joseph Gawley and Robert C. Phillips were the promoters and managers of said company; that said Joseph Gawley was president and

Robert C. Phillips was manager, secretary, and treasurer of said company. It is further alleged that the appellant is the owner of five shares of the capital stock of said corporation; that the officers of the corporation obtained possession of said stock without any consideration therefor, and refused to deliver the same to the appellant; that the company erected a saw mill and located the same within the limits of a street; that it commenced to manufacture lumber; that it kept no stock books or account books; and that the corporate business was run by Joseph Gawley and Robert C. Phillips for their own benefit. It is alleged that the corporation borrowed $1,000 from a Mrs. Ackley and $1,000 from a Mr. McDaniels, and that this money, as well as other money obtained from the sale of the stock and from other sources, was devoted to the use of said Gawley and Phillips; that the mill was operated at a profit; that it was insured for $5,500; that the mill property was destroyed by fire; that said Gawley and Phillips collected $5,250 of the insurance money, and are devoting the same to their own use. It is alleged that after the fire the machinery, engine, and boilers to the value of $1,200 were sold to the father of Joseph Gawley for $600; that said Gawley has represented to appellant that said corporation was insolvent, and that the stock was of no value; that said Gawley and Phillips kept false and grossly exaggerated accounts of their expenditures. All of these allegations are denied by the corporation and Joseph Gawley. Robert C. Phillips makes no answer. The affirmative defense to the action is that Joseph Gawley, Robert C. Phillips and Nicholas C. Flumer organized the corporation; that the three named were the board of trustees for the first six months; Gawley was president and Phillips secretary and treasurer; that appellant subscribed

for and received five shares of the stock; that thereafter Phillips purchased said stock; that appellant surrendered and assigned to Phillips his stock certificate, and the minute of the transfer was made upon the stock certificate stub; that Phillips was also irrevocably constituted appellant's attorney to transfer the stock. The appellant admits the facts so alleged. The defense also alleged that on the 20th of September, 1900, it became necessary for the corporation to have more capital to purchase logs, etc.; that Gawley and Phillips, on the note of the corporation, signed also by Gawley and Phillips, borrowed $680 from Mrs. Ackley, and gave as collateral security to her said five shares of stock and other stock, and that ever since Phillips purchased the stock from appellant he has used it as his own, and that Phillips sold and delivered said five shares to Florence Gawley, on the 15th day of February, 1901, and she is now the owner, and the same has been transferred to her on the books of the company. These allegations are denied. A motion for a non-suit was made after the appellant had rested, one of the grounds being that it appeared from the evidence that the appellant was not the owner of the stock sued for, and that he had failed to prove that he was the owner of any shares of stock in the Western Manufacturing Company, and therefore is not entitled to any relief as prayed for in the complaint. The court granted the motion, and, as appears from the record, principally upon the ground that it did not consider from the testimony that the plaintiff could be said to be the owner of any stock in the corporation, and, as he was not a stockholder he had no right to examine the books of the company, or compel an accounting; that he was a stranger to the corporation. On the trial it was admitted by respondents that appel-

lant subscribed and paid for five shares of stock in the corporation, paying therefor $500. Appellant testified that he had a conversation only with Mr. Phillips with reference to selling his stock; that Mr. Phillips said he had a chance to sell his (Phillips') stock (seven shares), and the appellant's also, to Mrs. Ackley. Phillips said he could get the money for the stock. If not, the stock was to be returned to appellant in ninety days. Appellant agreed to give Phillips a chance to sell his (appellant's) stock if he could get the money for it. If he could not get the money, he was to return the stock. Phillips said the stock was to be put back in the company. At this time Phillips was general manager of the corporation. As collateral security for the five shares of stock Phillips gave to the appellant his note for $500, and ten shares of the company's stock standing in Phillips' name. The note was payable three months after September 19, 1900. The appellant delivered his certificate for five shares of stock to Phillips, after indorsing the same as follows:

"For value received I hereby assign and transfer unto Robert C. Phillips the five No. 57 shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint Robert C. Phillips attorney to transfer said stock on the books of the company with full power of substitution in the premises."

This indorsement was witnessed by Joseph Gawley. Appellant further testified that about the 16th day of December, 1900, he returned the ten shares of stock put up by Phillips as collateral security to Phillips; that it was then agreed between Phillips and appellant that appellant was to receive back his five shares, and Phillips his note; that, to carry out this agreement, Phillips gave to appellant an order in the words following:

"Tacoma, Wash., September 19, 1900.
The President, The Western Mnfg. Co.,
    Tacoma, Wash.

Deliver to A. E. Jones five shares of the capital stock of the Western Manufacturing Company in payment of my note at due date.

Robert C. Phillips."

Appellant says this order was given to him by Phillips so that the appellant might get back his stock. At the time this order was given, Phillips requested appellant not to put it into the company until the first of the year as they were going to make a change. Appellant presented the order on the second of January, 1901, to Mr. Gawley, the president. Gawley refused to accede to the order and said he would have nothing to do with the appellant. The appellant then returned to Phillips, who said he would see that appellant got his shares; that he turned the shares into the company. On cross-examination of the appellant the respondents introduced stock certificate No. 57, and questioned appellant about his indorsement of the same to Phillips. The respondents, on cross-examination, put the stock certificate in evidence over the objection of appellant, and the specific objection that the indorsement was not the best evidence of the transfer, which was overruled, and to which the appellant duly excepted. On the back of this stock certificate, in addition to the assignment by the appellant to Jones, was the following indorsement:

"For value received I also hereby assign and transfer unto Florence Gawley the above mentioned five shares of stock represented by the within certificate.
Dated September 20, 1900.        Robert C. Phillips.
    Witness H. H. Johnson.        Florence Gawley."

There is no proof that Robert C. Phillips executed the above indorsement, or as to any consideration being paid

by Florence Gawley for such stock, or even that there was such a person as Florence Gawley. It will be further observed that on the very day this transfer to Florence Gawley purports to have been made the answer of Joseph Gawley and of the Western Manufacturing Company alleges that this stock was pledged by Phillips to Mrs. Ackley to secure a note of the corporation for $680, due two months after date; and the answer of Gawley and the corporation further alleges than on or about the 15th of February, 190— (meaning February 19, 1901,) said Phillips sold and delivered said stock purchased by Phillips from appellant to Florence Gawley. Taking the evidence and these pleadings as contended for by the respondents, it would seem that, while Phillips was the owner of the stock, December 16, 1900, the contract made by the appellant with Phillips for the sale of the stock was rescinded. Phillips received back the collateral ten shares of stock, and gave the order, as recited, to Gawley, to return the five shares of stock to appellant. Under such a state of facts there can arise no presumption that the indorsement to Florence Gawley was made by Phillips on September 20, 1900, or that Florence Gawley purchased such stock. If this presumption does not arise, then the presumption is that Phillips remained the owner of the stock until December 16, 1900, when his contract with appellant was rescinded, and by virtue of such rescission appellant became in equity the owner of said five shares; and when Phillips transferred it February 15, 1901, to Florence Gawley, as alleged in the pleadings, he had no title to transfer. *Prima facie*, then, appellant is, and was when the suit was brought, and at the time the trial was had, the owner of five shares of stock, and the court erred in sustaining a motion for a non-suit on the

ground that there was no evidence that appellant was the owner of the stock. As that seems to have been the controlling reason for granting a non-suit, the judgment of the court dismissing the action must be reversed.

We think the court erred also in refusing to allow witness Buchanan to testify as to conversations with respondent Gawley after the fire as to who were the owners of the stock in the company, and also erred in not allowing appellant to show that both Gawley and Phillips stated that he and Mrs. Ackley were the only persons interested in the affairs of the company, as this testimony had a tendency to establish as a fact that, while the stock was pledged to Mrs. Ackley, Phillips was the owner, and to rebut the presumption, if any, that the stock was assigned to Florence Gawley on September 20, 1900. For the same reason the court erred in refusing to allow Mrs. Ackley to testify as to her conversation with Gawley as to who was the owner of the stock. We think the court also erred in refusing to allow Mrs. Ackley to give testimony as to the fact that no books of account were kept by the corporation. We think the court also erred in not allowing Buchanan to testify as to his negotiations relative to the purchase of the machinery and his offer for the same. We do not think that it was material whether or not the stock certificate had thereon the requisite revenue stamps, as the stamps could be attached at any time if their omission was through inadvertence, as the evidence tends to show. The claim of the appellant, as we gather from the entire record, is that the corporation is no longer a going concern; that Gawley and Phillips have collected $5,250 of the insurance money belonging to the corporation, have disposed of the machinery belonging to the corporation; and that, after all the debts have been paid, there

will be a surplus, in which the appellant is not allowed to share. While fraud is not to be presumed, it must be remembered that it is difficult to establish the same by positive proof, and it is generally established by circumstantial evidence. In an equity suit like the one now being considered, where the trial is by the judge and where this court may be called upon to review facts, considerable latitude should be allowed in the examination of witnesses, and they should be allowed to testify as to facts which at first blush might not appear to be relevant, if there is a possibility of the relevancy of such testimony.

The judgment of the court below is reversed, and this cause is remanded for a new trial.

REAVIS, C. J., and ANDERS, MOUNT, FULLERTON, HADLEY and DUNBAR, JJ., concur.