[No. 4611.   Decided July 29, 1903.]

ALBERT E. JONES, *Appellant,* v. WESTERN MANUFACTUR-
ING COMPANY *et al., Respondents.*

PLEADINGS — AMENDMENTS.

It is proper to allow an answer to be amended to correspond
with the proofs after a case has been appealed and remanded for
a new trial.

WITNESSES — CROSS-EXAMINATION.

Cross-examination relating to matters not touched upon in
chief is properly excluded.

EVIDENCE — REBUTTAL — REPEATING QUESTIONS.

The refusal to permit the witness on rebuttal to answer a
question the second time does not require a reversal.

CORPORATIONS — STOCKHOLDERS.

A person is not a stockholder in a company when he assigns
his stock to another for the purpose of selling the same along
with other stock within ninety days, where the same is actually
sold 'within the period to an innocent purchaser.

Appeal from Superior Court, Pierce County.—Hon.
WILLIAM O. CHAPMAN, Judge.   Affirmed.

*Frank H. Graham,* for appellant.

*Govnor Teats,* for respondents.

The opinion of the court was delivered by

FULLERTON, C. J.—This action was before this court
at a former session, and will be found reported in 27
Wash. 136 (67 Pac. 586) where will be found also a full
statement of the case.   After the remittitur went down on
the former appeal, a trial was had of the cause upon its
merits, resulting in a judgment for the respondents.   This
appeal is from that judgment.

The appellant complains that the court erred in per-
mitting the respondents to amend their answer after the

cause had been remanded by this court for trial on its merits, and also that it erred in the admission and exclusion of evidence. The amendment made to the answer was one proper under the circumstances, as it tended to make it correspond with the proofs. Nor did it come too late. The Code allows an amendment, when necessary for the furtherance of justice, at any stage of the proceedings; and an amendment may be had after a cause has been appealed to this court and remanded for a new trial, as well as on the original trial of the cause. The objections to the exclusion of evidence are equally without merit. The question propounded to the witness Dixon on cross-examination related to matters not touched upon by him while giving his testimony in chief, and the objection thereto was properly sustained on the ground that it was not proper cross-examination. The question asked the appellant in rebuttal, namely, "Was the note given you by Phillips ever paid?" Was answered in the negative by the witness when on the stand testifying for himself while presenting his case in chief. The refusal of the court to permit the witness to answer the question a second time does not require that the case be remanded for further evidence. The errors relating to the admission of evidence need no consideration further than to say that the court will, when examining the issues of fact, look only to that which was properly admitted.

The principal question is, is the appellant a stockholder in the respondent corporation? The trial court found that he is not such a stockholder, and we think the finding is supported by the weight of the evidence. It appears that the appellant, shortly after the respondent The Western Manufacturing Company was incorporated, purchased five shares of its capital, which he afterwards transferred

to the defendant Phillips.   He testified that the transfer was not an absolute sale, but only for the purpose of enabling Phillips to sell the same along with certain stock of his own, which he represented himself as being desirous of selling, and that the sale was to have been made by Phillips within ninety days from the date of the transfer; that at the end of that time he revoked Phillips' authority, and demanded a return of the shares, which was refused him both by Phillips and by the corporation, to whom, he says, Phillips claimed to have assigned them.   Phillips, on the other hand, testified that he was an absolute purchaser of the shares.   Moreover, he testified that he did sell them, prior to the expiration of the ninety days testified to by the appellant, to a Florence Gawley, for a valuable consideration, namely, $480; and in this he is corroborated by the testimony of the purchaser, her husband, and Phillips' receipts for the purchase price, which was paid in installments.   This being true, the appellant cannot claim to be a stockholder in the corporation, even if we accept his version of the transfer to Phillips as the true   one. Confessedly, Phillips had a right to sell the stock at any time during the period of ninety days, and his sale and transfer of the same during that time would pass an absolute title, whether the purchaser knew of his relations to the stock or not, unless, of course, the sale was made for the purpose of defrauding the owner, and the purchaser had knowledge of and participated in that fraud.   Of fraud, however, there is nothing in the present record.

The judgment is affirmed.

MOUNT, HADLEY and DUNBAR, JJ., concur.

ANDERS, J., concurs in the result.