[No. 6018. Decided March 31, 1906.]

P. C. SHINE et al., Appellants, v. GEORGE E. CULVER et al., Respondents.[1]

PLEADINGS—AMENDMENTS—DISCRETION. It is discretionary to permit a trial amendment of the answer, and no abuse of discretion appears where application was made several days before the trial, and no request for a continuance was made.

REPLEVIN—TITLE—EVIDENCE—ADMISSIBILITY. In an action of replevin in which the plaintiffs claim title through one R., evidence that the title of R. was fraudulent is competent under a denial that R. was the owner.

SAME—ORAL EVIDENCE OF CONTENTS OF DEED—REFUSAL TO PRODUCE INSTRUMENT. In replevin for certain tools, claimed by the defendants to have been sold to them by the plaintiffs and to have been mentioned in a quitclaim deed of the quarry, oral evidence on the part of the defendants as to the contents of such deed is admissible where the plaintiffs had obtained possession of the deed, which was not recorded, and plaintiffs failed to produce it at the trial after being requested to do so.

ATTORNEY AND CLIENT — REPRESENTING ADVERSE INTERESTS. The fact that an attorney had represented the plaintiff, by courtesy, in another action between other parties respecting certain personal property, would not preclude his appearance for the defendants in

1Reported in 85 Pac. 271.

an action of replevin for the same property, where he had in the former action particularly represented the defendants, and no inconsistency appears in such representation.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered April 24, 1905, upon the verdict of a jury rendered in favor of the defendants, in an action of replevin. Affirmed.

*Charles V. Roberts* and *P. C. Shine,* for appellants.

*Jas. A. Williams* and *Denton M. Crow,* for respondents.

MOUNT, C. J.—Appellants brought this action in the court below, to recover possession of a certain lot of stone cutter's tools, and for rent for the use of the tools. The complaint alleged ownership and right of possession in the plaintiffs. The defendants answered, denying the allegations of the complaint, and alleged ownership and possession in themselves. Upon these issues the case was tried to the court and a jury. A verdict was rendered in favor of the defendants, and a judgment entered thereon. Plaintiffs appeal, and allege that the court erred in permitting respondents to amend their answer at the time of the trial.

The application to amend appears to have been made and served several days before the trial. The appellants were, therefore, not taken by surprise, and no request for a continuance was made on account of the amendment. Amendments of the kind here allowed are largely discretionary with the trial court, and its action in that respect will not be disturbed in the absence of an abuse of such discretion. *Bishop v. Averill,* 19 Wash. 490, 53 Pac. 726; *Jones v. Western Manufacturing Co.,* 32 Wash. 375, 73 Pac. 359. No abuse of discretion appears in this case.

Appellants next allege that the court erred in admitting certain evidence tending to show that the title of the property in Robert Russell was fraudulent. Appellants claim title through Russell. In order to maintain their title, it was necessary to show that Russell was the owner. Respondents

denied that Russell was the owner, and alleged that his claim of ownership was fraudulent. Any evidence which tended to show that such claim was fraudulent was competent to defeat appellants' claim of ownership. It was therefore not error to receive the evidence.

Appellants allege that the court erred in refusing to strike certain evidence as to the contents of a quitclaim deed. Respondents claim title to the tools through appellant Shine. It appears that Mr. Shine sold a certain interest in a stone quarry to respondents by a quitclaim deed, and respondents testified that a part of the tools in question were sold along with the quarry, and that the quitclaim deed recited the fact that the tools were conveyed with the land. This, however, was denied by Mr. Shine. It also appears that Mr. Shine had obtained possession of the deed, which had not been recorded, and had retained the same prior to the trial. He was required to produce the deed at the trial, and failed to do so. The trial court thereupon permitted oral evidence of its contents. The evidence was clearly competent under the circumstances, and the court did not err in refusing the motion.

Appellants next complain that the court erred in refusing to exclude Mr. Williams, respondents' attorney, from the trial of the case, upon the alleged ground that Mr. Williams had previously been attorney for Mr. Shine in litigation between the same parties concerning these same tools. We find nothing in the record to justify this contention. It is true that Mr. Williams had previously represented Mr. Shine in another action between other parties in which a part of these tools were in question. But at that time Mr. Williams was representing these respondents particularly, and Mr. Shine by courtesy. There is no showing of any inconsistency in Mr. Williams now representing these respondents in this action as against Mr. Shine and his co-appellants.

No exceptions were taken to any of the instructions given to the jury, and the case seems to have been fairly tried, and there is ample evidence to support the verdict of the jury.

This is a second trial upon substantially the same issues, and a second verdict in favor of respondents. There appears to be no error in the record, and the judgment is therefore affirmed.

DUNBAR, ROOT, RUDKIN, FULLERTON, and HADLEY, JJ., concur.

CROW, J., having been of counsel, took no part.