[No. 15799.  Department One.  November 16, 1920.]

## M. C. PETERSON *et al., Respondents,* v. FATEH MOHAMMED *et al., Defendants,* MOHAMMED Box, *Appellant.*[1]

PLEADING (171, 177)—ISSUES AND PROOF—FRAUD—TITLE AND OWNERSHIP—GENERAL DENIAL. In an attachment action, under a general denial of a defense alleging intervener's ownership and right to the possession of the attached property without pleading the source of intervener's title, the plaintiff may show fraud in the conveyance from the defendant to the intervener; since plaintiff need not anticipate the defense of such conveyance.

FRAUDULENT CONVEYANCES (92) — TRANSACTIONS BETWEEN RELATIVES—GOOD FAITH—EVIDENCE—SUFFICIENCY. A finding of fraud as to creditors in a conveyance from insolvents to a brother-in-law is sustained, where their testimony to support an antecedent debt, not evidenced by any writing, was so confused and contradictory as to render the same unreliable and it impels the conclusion of lack of good faith.

EXEMPTIONS (18) — PROPERTY EXEMPT — PARTNERSHIP PROPERTY. Partners in the farming of leased land cannot claim exemptions as farmers, out of the partnership property, in a suit on a partnership debt to the lessor.

[1]Reported in 193 Pac. 215.

SAME (8, 11-1) — PARTICULAR OCCUPATIONS — USE OF ARTICLES. Members of a dissolved partnership in the farming of leased land cannot claim exemption as farmers, after surrender of the lease, in the absence of evidence that they were previously engaged in farming, or that they had any place or personal property, or any intent, to engage in farming after surrender of the lease.

EVIDENCE (104)—HEARSAY—STATEMENT IN LETTER. A copy of a letter stating that a bank had sent a certain sum of money on behalf of defendant, is inadmissible, as hearsay, to prove that the money had been sent.

Appeal from a judgment of the superior court for Yakima county, Taylor, J., entered November 4, 1918, dismissing a petition in intervention, in an action for rent and to recover on a promissory note, tried to the court. Affirmed.

*F. E. Gordon* and *A. Emerson Cross,* for appellant.
*Parker, LaBerge & Parker,* for respondents.

MITCHELL, J.—This is an action brought by M. C. Peterson and wife against Fateh Mohammed, M. Dean, and Ali Mohammed, to recover rent claimed to have been due under a written lease, and also upon a promissory note. In the action a writ of attachment was issued and certain personal property, alleged to have belonged to the defendants, was levied upon. Mohammed Box filed his petition in intervention, alleging his ownership of the property, and asking that the lien of the attachment be discharged. By order of the trial court, the sheriff was brought in and made a party defendant in the intervention proceedings. The original parties plaintiff and the sheriff answered the petition and denied that Mohammed Box was the owner of the property, or any part thereof. From the judgment entered in the cause dismissing the petition in intervention, Mohammed Box has appealed.

Seven assignments of error are presented.

First, it is claimed the court erred in admitting evidence, over appellant's objection, that the conveyance by Fateh and Ali Mohammed to Mohammed Box of the property attached was fraudulent. For the purposes of this assignment, it may be noticed that the petition in intervention simply alleges that the property attached was not, and is not, the property of the respondents or the defendants, nor have they, or any of them, any interest therein, but that it was and is the property of the petitioner and is wrongfully detained and held by the sheriff upon a writ of attachment. The allegations were met by a general denial in the answers of the respondents and the sheriff. It is the contention that proof of fraud is not admissible under a general denial of ownership, but that it must be specially pleaded to be proven. No doubt such is the rule where one brings an action to cancel a conveyance as fraudulent; but when, as in this case, the defendants in the intervention proceedings are not at all advised as to the source of the petitioner's title, they are not compelled to anticipate its source, but may content themselves with a general denial, and thereunder introduce any legal evidence that tends to defeat the title of the petitioner as shown by his proofs. The principle is the same as that announced in *Parker v. Dacres,* 1 Wash. 190, 24 Pac. 192, allowing proof of equitable estoppel (which, like fraud, is generally required to be affirmatively pleaded) under a general denial of the allegations of a complaint silent as to source of title. The reason for the rule, just as applicable in cases of fraud as in those of estoppel, is tersely stated in that case to be:

"Any other rule would work great hardship to a defendant, while the enforcement of said rule cannot work hardship to a plaintiff, as he can, if he so desires, so shape his complaint as to compel defendant to fully

disclose his defense in his answer. Said rule is not only in accord with our ideas of propriety and justice, but is also abundantly sustained by the authorities.''

The action of *Shine v. Culver,* 42 Wash. 484, 85 Pac. 271, was brought to recover possession of a certain lot of stone cutter's tools, and for rent for the use of the tools. The opinion says:

''The complaint alleged ownership and right of possession in the plaintiffs. The defendants answered, denying the allegations of the complaint, and alleged ownership and possession in themselves. Upon these issues the case was tried to the court and a jury.''

In that case it was claimed the court erred in admitting evidence tending to show that the title through Russell, by which plaintiff claimed, was fraudulent. It was held there was no error. In the case at bar, counsel for appellant contends that the result in the case of *Shine v. Culver, supra,* is explained by what is therein said of a trial amendment, but an examination of the record in that case shows the amendment did not allege any fraud. Other cases to the same effect are: *Miami County Nat. Bank v. Barkalow,* 53 Kan. 68, 35 Pac. 796; *Mason v. Vestal,* 88 Cal. 396, 26 Pac. 213, 22 Am. St. 310; and *Archer v. Long,* 38 S. C. 272, 16 S. E. 998.

In *Archer v. Long,* the court say:

''Indeed, in this case, in the absence of any allegations in the complaint as to the source from which the plaintiffs claimed to have acquired their title to the property in dispute, the defendant had no right to assume that plaintiffs claimed through the judgment debtor, A. G. Means, and hence any allegation of fraud on the part of Means would have been wholly out of place. Surely in such a case, the defendant would not be bound, and could not even be expected, to allege specific objections to a title which the complaint does not disclose, and of which he may not have had any

knowledge until it was disclosed by the evidence at the trial. When under a general allegation of title the plaintiff undertakes to establish such title by introducing a conveyance from an admitted former owner, surely the defendant may be permitted to show, without any allegation to that effect in his answer, that such conveyance is a nullity—void for fraud or any other reason. The issue in such a case is, whether the plaintiff has title, and it is entirely competent for the defendant to introduce evidence tending to invalidate for fraud, or any other cause, any muniment of title offered by the plaintiff."

Assignments numbered 2, 3, 4 and 5 are considered collectively by the appellant. They involve the validity of the transfer of property by Fateh and Ali Mohammed to Mohammed Box. They present questions of fact. Fateh and Ali are brothers and brothers-in-law of Mohammed Box, and were the owners of the personal property involved. They were insolvent. The suit against them by Peterson and wife was to recover, and there was judgment in their favor, in the sum of $1,825, interest and costs. A few days prior to their answer in the Peterson suit, Fateh and Ali made a bill of sale of the property to Box. On the next day the writ of attachment was levied on the property. The personal property involved is valued at $1,190. It is the claim of the appellant that the consideration for the transfer was an antecedent debt, together with a payment of $440 he actually made to a bank to satisfy a mortgage it held on the property. The evidence shows, however, that the mortgage to the bank was made by M. Dean only, who had no interest in the property therein described that the latter sold to Box. As to that portion of the consideration termed "antecedent debt," there was no note or memorandum of it or any portion of it. True, the evidence shows the parties are unlearned, intimate and never committed

their transactions to writing, but the proof also shows that, after suit and just before the date of the bill of sale, Fateh and Ali did execute a promissory note to Box and that they forwarded it to him at Aberdeen, Washington, by mail from Granger, Washington, in an amount they claimed they owed him, which was largely in excess of the amount representing the so-called antecedent debt, as included in the expressed consideration in the bill of sale. It was testified to that a large part of the money furnished Fateh and Ali by the appellant had been paid to them by checks drawn on the Capital National Bank of Olympia, but an itemized statement of the account, as testified to by an officer of that bank, shows no such payments. There was a trial and a new trial of this case in the superior court, at each of which trials Fateh, Ali and Box testified in detail as to amount and dates of money and checks furnished by Box. Also, Box testified in answer to written interrogatories upon the same subject, in all of which, whether in the total or in different accounts and testimony of either one of them, there is such confusion, uncertainty and material differences as to render the testimony unreliable; except perchance as to some inconsiderable and wholly inadequate amounts. The details of this testimony would be profitless. It impels the conclusion of the trial court of lack of good faith in the transfer of the property.

In the sixth assignment it is urged the court should have found the property attached was, at the time of the sale thereof to the appellant, exempt from levy and attachment, and hence could not be the subject of a conveyance in fraud of creditors. It is claimed Fateh and Ali were farmers and that the property was exempt to them as such. We do not favor the contention. The pleadings present no such issue or claim,

nor is it contended for in the evidence. It seems to have been first thought of in the argument of the case. The evidence clearly shows that Fateh and Ali and M. Dean were partners in their farming operations under the lease from Peterson and wife, and that the debt in suit out of which the levy and attachment was made was a partnership debt to their lessor. Out of an admitted conflict of authority upon the subject, we have decided, in the case of *Dennis v. Kass & Co.,* 11 Wash. 353, 39 Pac. 656, 48 Am. St. 880, that a partnership, or an individual member of it, cannot claim exemptions out of partnership property against partnership debts. If, in this case, it be argued that the parties had dissolved the partnership prior to the levy of the attachment, then the answer to their claim of exemptions is there is no evidence to show that either Fateh or Ali were engaged in farming prior to this one time, that they had any place or personal property with which to engage in farming after they surrendered the Peterson farm, or that they intended or ever attempted to pursue farming thereafter.

The last assignment is that the court erroneously refused to admit in evidence a purported carbon copy of a letter written by an officer of the Capital National Bank of Olympia to the appellant, stating that the bank, on behalf of the appellant, had sent $300 to Ali Mohammed at Granger, Washington. Whether such a letter had been written was unimportant. The important thing was whether the bank had sent $300 of appellant's money to Ali Mohammed, for the proof of which the instrument was not proper because it was hearsay.

Judgment affirmed.

Mackintosh, Main, and Tolman, JJ., concur.