JOHN VANDERHORST v. ADOLPHUS N. BACON.

*Execution—Exemptions—Appraisal—Waiver—Demand before bringing replevin.*

A boarding house keeper is entitled to the same exemption of household furniture as any other person, even though it had been procured to carry on his business and he had abandoned it.

An officer levying execution is required by statute to appraise the goods and set aside so much as is exempt; it is not necessary that when levy is made the execution debtor should assert a claim to property as exempt.

An execution debtor does not waive the right to bring replevin for goods improperly seized, by having receipted for them to the officer and agreed to deliver them at a specified time or pay the judgment.

Surrendering possession of goods when they are levied on, is compulsory, and not a surrender of any right.

The appraisal of goods which an officer levying execution is required to make, must be made where the goods are found; they cannot be removed for the purpose, when the appraisal can be made as well where they are.

Demand is not necessary before bringing replevin against an officer whose seizure of goods is an abuse of his authority.

Case made from Kent. Submitted April 10. Decided April 16.

REPLEVIN. Plaintiff had judgment below.

*Taggart, Simonds & Fletcher* for plaintiff. An execution debtor does not waive his exemption by receipting for the property seized, *Eltzroth v. Webster*, 15 Ind., 21;

*Jordan v. Autrey,* 10 Ala., 276; *Moseley v. Anderson,* 40 Miss., 49; *Daniels v. Hamilton,* 52 Ala., 105; removing property under levy to appraise it is an abuse of authority, *Wilson v. Ellis,* 28 Penn. St., 238; *Freeman v. Smith,* 30 id., 264.

*Fallass & Gleason* for defendant. Goods bought to carry on a boarding house are liable under Comp. L., § 6101, subd. 8, to execution for the purchase money, *Weed v. Dayton,* 40 Conn., 293: 13 Am. Law Reg. (N. S.), 603; and in any event if not claimed as exempt, they would be liable to seizure and sale, *O'Donnell v. Segar,* 25 Mich., 367; if the debtor points out his property to an officer levying execution, he cannot object to a seizure of it, *Dorsey v. Hills,* 4 La. Ann., 107; appraisal of goods seized on execution may be made at any time before it is noticed for sale, *King v. Moore,* 10 Mich., 545.

COOLEY, J. The circuit judge, who tried this cause without a jury, found the following facts:

"*First.* That on or about the 22d day of December, 1875, John Vanderhorst and wife, went together to the Berkey & Gay Furniture Company's ware rooms to purchase some furniture with which to furnish a boarding house.

*Second.* That John Vanderhorst and his wife are Hollanders and that John Vanderhorst speaks very broken English and understands it imperfectly; but his wife talks English much more plainly, and on this account she transacted most of the business.

*Third.* That John Vanderhorst purchased at that time the goods in question in this suit, agreeing to pay therefor one hundred and forty ($140.00) dollars, one Moses May at that time becoming surety for sixty ($60.00) dollars of this amount, which he afterwards paid.

*Fourth.* That after the expiration of the time of payment the Berkey & Gay Furniture Company brought an action for the unpaid balance against said John Vanderhorst before E. J. Shinkman, Esq., a justice of the peace in the city of Grand Rapids, and obtained judgment on the 10th day of July, 1876, for balance unpaid and interest: damages, $81.63; costs, $3.31.

*Fifth.* Upon this judgment execution was issued and placed in the hands of defendant Bacon, who was at the time, and ever since has been, a constable of Kent county.

*Sixth.* By virtue of this execution the defendant took control of the property involved in this case, it being the same property bought by Vanderhorst of the Berkey & Gay Furniture Company, as above mentioned, but caused no appraisal of it to be made at that time or at any time afterwards; nor any removal of the property from Vanderhorst's house at that time because of facts hereinafter found.

*Seventh.* At the time Bacon so took possession of the property, Vanderhorst's wife said to the defendant that said Moses May was absent from home and that as soon as he returned he would pay the judgment. Defendant referred her to the Berkey & Gay Furniture Company, and she and her husband went to the office of the company and Mrs. Vanderhorst then and there, in the presence of her husband and with his knowledge and without his objection, agreed that she would execute a regular receipt for the property, which she afterwards did, as stated in the next succeeding paragraph of this finding.

*Eighth.* That thereupon defendant went back to the house and obtained a receipt of said plaintiff's wife. [This receipt was the usual receipt taken by officers for property levied upon, and in it the receiptor promised to deliver the property to the officer on the 15th day of August following, or to pay the judgment.]

*Ninth.* Upon said May's return he refused to pay for said goods, and thereupon, to wit: on the 24th day of August, 1876, defendant went and asked for the goods in question upon said execution, and Mrs. Vanderhorst pointed them all out to the defendant as agreed, and made no objection to defendant's taking them.

*Tenth.* That this was in the afternoon, and defendant took possession of said goods, loaded them upon a wagon and started with them to Berkey & Gay's warerooms for safe keeping, but while moving them and when about 1 1-4 miles from plaintiff's house he was served with the writ in the cause.

*Eleventh.* No objection was made to defendant's taking said goods or had been at any time before the commencement of this action, and no demand of the goods or for their return was made before the service of the writ, but Vanderhorst was not at his house at the time of removal of said goods.

*Twelfth.* Soon after these goods were purchased by Vanderhorst he quit keeping boarding house. The goods in question in this case were worth about the sum of one hundred and forty dollars, and constituted all the furniture owned by Vanderhorst at the time save one stove and other household furniture not exceeding in

value the sum of twenty-five dollars. And that Vanderhorst was a householder at the time the levy was made and this suit commenced.

I also further find as a matter of law: that plaintiff is entitled to recover all of the goods in question, together with six cents damages and the costs of both courts."

It is objected to this conclusion—

1st. That the goods were purchased, not as household goods but to carry on a business of profit, and therefore are to be considered stock in trade, or the means of carrying on the party's occupation. If so, they are not, under the statute, exempt from an execution on a judgment for the purchase price. Comp. L., §§ 6101, 6131. But we doubt if these articles could at any time have been considered any thing else than household furniture. A boarding house keeper must be entitled to the same exemption of household furniture with any other person; and the finding shows that at no time did the plaintiff have more than was exempt. And when the levy was made he was not engaged in the business for which the furniture was purchased.

2d. It is said the plaintiff did not claim the property as exempt when the levy was made upon it. But this was not necessary. The statute exempts to a householder his furniture to the value of $250, and it requires the officer, when he makes a levy, to proceed to have it appraised and set out to the debtor. Comp L., §§ 6102 et seq. The statute is all the notification the officer needs.

3d. It is claimed that the acts of the plaintiff and his wife were equivalent to a waiver of the exemption and to a turning out of the property on the execution. We do not think so. The wife gave a receipt for the property to save its being taken away while she made an effort to pay the judgment; but failing in this, she yielded possession to the constable. But this was only yielding to a force which she could not resist: it was not a surrender of any right.

4th. The further suggestion is made that the officer was entitled to a reasonable time to make an inventory and appraisal, and that he may have been taking the furniture to a suitable place for that purpose. The suitable place for that purpose was the house where the things were found; the circumstances must be very extraordinary that would justify an officer in stripping a debtors' house of his furniture and taking it to another part of the town, in order that he may ascertain a fact which is just as easily ascertained without removing it at all. If this may be done with beds and bedding, it may be done with carpets on the floors, and the house may for the time be made untenantable. Intolerable abuses would be certain to spring up if this were permitted; and the case in hand suggests no reason for the course which was taken.

We are constrained to think the conclusion of the circuit judge was correct, and that as the officer was abusing his authority, no demand was necessary before bringing suit. The judgment must be affirmed with costs.

The other Justices concurred.