LUCIUS A. SKINNER ET AL. v. DAVID D. SHANNON ET AL.

*Exemptions from execution for benefit of individual partners.*

Each member of a firm against which execution is levied may claim the amount of goods excepted in Michigan from execution; and if several partners claim the same property the officer setting aside the exempt property may select for them.

Error to Shiawassee. Submitted June 10. Decided June 16.

TROVER. Plaintiffs bring error. Reversed.

*J. B. Wilkins* and *Hugh McCurdy* for plaintiffs in error.

*H. H. Pulver* and *Lyon & Kilpatrick* for defendants in error. The statutory exemption from execution cannot be claimed by each of several partners: *Bonsall v. Comly* 44 Penn. St. 442; *Pond v. Kimball* 101 Mass. 105; *Guptil v. McFee* 9 Kan. 30; *In re Handlin* 3 Dill. 290; *Gaylord v. Imhoff* 26 Ohio St. 317; *Wise v. Frey* 7 Neb. 134; *Billingsley v. Spencer* 64 Mo. 355.

MARSTON, C. J. Where a levy is made upon a stock of goods of a copartnership, is the firm as such, or the several members thereof, entitled to claim any part thereof as being exempt under the law of this State?

This question has arisen in several of the States, and thus far there is a want of harmony in the answers given thereto.

We must, therefore, in the light of those cases, look to the Constitution, statutes and decisions of this State, and unfettered by previous decisions, construe the statute in accordance with the letter and evident spirit thereof.

Our Constitution, in section 1 of art. xvi, provides that " The personal property of every resident of this State, to consist of such property only as shall be designated by law, shall be exempted to the amount of not less than five hundred dollars, from sale on execution or other final process of any court, issued for the collection of any debt contracted after the adoption of this Constitution."

The eighth subdivision of our statute (2 Comp. L., § 6101), under which this claim comes, is as follows: " The tools, implements, materials, stock, apparatus, team, vehicle, horses, harness, or other things, to enable any person to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged, not exceeding in value two hundred and fifty dollars."

The exemption laws of this State have ever received a most liberal construction in aid of the wise and humane policy so clearly set forth in our Constitution and laws. As was said in *Rosenthal v. Scott* 41 Mich. 633, the laws securing exemptions are not to be frittered away by construction so as to destroy their value. It has been held, accordingly, that one whose principal business was that of blacksmith might manufacture a wagon during his leisure time and offer the same for sale, and that it would be exempt while in process of manufacture and while held for sale. *Stewart v. Welton* 32 Mich. 56. So a farm homestead right cannot be put in jeopardy by the extension of village limits so as to bring such property within the village: *Barber v. Rorabeck* 36 Mich. 401. So the execution debtor is entitled to the full statutory exemption. Personal property subject to a mortgage for more than its appraised value, cannot be turned out to him : *Bayne v. Patterson* 40 Mich. 658. A homestead can be claimed in lands held in joint tenancy, or as tenants in common (*Lozo v. Sutherland* 38 Mich. 171), and in lands of which a party was in possession under a con-

tract to purchase: *Orr v. Shraft* 22 Mich. 261. So a house, exempt as such, might be removed to another parcel of land without danger of seizure while in transit: *Bunker v. Paquette* 37 Mich. 79. And a boarding-house keeper is entitled to the same exemption of household furniture as any other person: *Vanderhorst v. Bacon* 38 Mich. 669.

That the several members of a copartnership come within the language of the statute and Constitution, there should be no question, and that they by becoming members of a firm do not place themselves beyond the pale of the reason of the law, would seem clear. The same reason which exists for protecting an individual engaged in carrying on business would seem to apply with equal force to each and every member of a firm. The whole object of the law is to prevent a person from being stripped of all means of carrying on his business, and in this respect no distinction can exist between those who are members of a firm and those who are not.

Indeed, it is not claimed that members of a firm are not equally within the words and protecting care of the Constitution and statute, but that the right is not given them, because of the peculiar rights of copartners to the firm property, as between themselves and also their creditors.

If the property is exempt under the statute, parties dealing with them must take notice of that fact, and it is no hardship whatever to enforce the right when the occasion arises which demands it. The creditor, in selling goods to an individual, knows that a certain portion of his debtor's property is not and will not be subject to his demands. And so if he sells to a firm, and the firm or each member thereof is entitled to a statutory exemption, the creditor sells in view of the hazard. There may be cases where, as between the members (and the same perhaps would not apply as to creditors), where one or more of the firm had no interest in the goods, but only in the profits, and some question might arise as to the right of such copartners to claim any part of the property as exempt; but such is not this case, and we do not therefore pass upon that question. So other difficulties may

arise. Very many of these supposed difficulties are imaginary only, but we need not anticipate them. In my opinion the execution debtors in this case were each entitled, under our Constitution and statute to his exemption : *Russell v. Lennon* 39 Wis. 570, and see the reasoning also in *Stewart v. Brown* 37 N. Y. 350. It is strongly urged that both may claim the same piece of property. If so, the officer may select for them where they cannot agree and therefore do not. Comp. L. § 6103.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.