50  392
67  12
67  13
67  16
67  29

50  392
86  655

50  392
107  25
109  211

50  392
116  146
d116  148

## BROCKHOLST L. WAITE v. SALMON S. MATHEWS.

*Exemption of partnership property from execution—Chattel mortgages.*

Creditors have no rights as against property exempt from execution; and the officer making levy is as much bound to respect such exemption, where the property is that of a partnership, as in other cases.

A chattel mortgage, given in good faith, is void for want of immediate possession of the goods only where rights have arisen in consequence, or injury resulted, in the interval before possession is given. *Wallen v. Rossman* 45 Mich. 333, distinguished.

Error to Oakland. (Stickney, J.) April 10.—April 25.

TROVER. Plaintiff brings error. Reversed.

*H. C. Wisner* and *A. C. Baldwin* for appellant. If a mortgagee of chattels puts his mortgage on record, or takes possession of the goods before any creditor whose claim antedated the mortgage acquires a lien by levy of process the mortgage will bind: *Parsell v. Thayer* 39 Mich. 469; Jones on Chat. Mortgages §§ 177, 178, 245; *Wescott v. Gunn* 4 Duer 107; *Best v. Staple* 61 N. Y. 78; *Jones v. Graham* 77 N. Y. 628.

*Griffin, Dickinson, Thurber & Hosmer* for appellee. Possession under a chattel mortgage that is not recorded must be taken immediately or the mortgage will be invalid as against creditors (*Parshall v. Eggart* 52 Barb. 367) whether their claims arose before the mortgage was given or afterwards: *Steele v. Benham* 84 N. Y. 637; *Williamson v. N. J. South. R. R.* 28 N. J. Eq. 277 : 29 N. J. Eq. 311; *Sayre v. Hewes* 32 N. J. Eq. 652; *Kilbourne v. Fay* 29 Ohio St. 264; but see *Brown v. Webb* 20 Ohio 389; in Indiana it is absolutely void unless recorded within ten days: *Chenyworth v. Daily* 7 Ind. 284; *Lockwood v. Slevin* 26 Ind. 124 ; *Matlock v. Straughn* 21 Ind. 124.

CAMPBELL, J. Plaintiff sued defendant in trover for the

conversion of certain property on which plaintiff held two chattel mortgages, made by the firm of Watson & Waite, which had one place of business in Oxford, and one in Orion, Oakland county. Defendant claimed to have acted under executions from the United States court against a firm of which the mortgagors were members, on judgments upon debts older than the mortgages, and the chief controversy was upon the validity of the mortgages as against the creditors whom he represented.

One mortgage was made December 14, 1878, for $5000. The other was given December 19, 1878, for $555. The mortgages were filed in Orion, December 23, 1878, but not in Oxford, the latter being the principal place of business. Possession was taken by the mortgagee in the latter part of December. An attachment was sued out January 4, 1879, and levied January 6, 1879, when a second writ was also issued and placed in defendant's hands with the first.

The court below held that the mortgages were absolutely void, as matter of law, for want of immediate possession, and took the case away from the jury, refusing any recovery for exempt property as well as the rest.

So far as the exempt property is concerned, we can see no foundation for any such ruling. Creditors have no rights against exempt property, and the officer levying is bound to respect it in the case of partners as well as in other cases. *Skinner v. Shannon* 44 Mich. 86.

The other question was substantially decided in *Kohl v. Lynn* 34 Mich. 360, and *Fearey v. Cummings* 41 Mich. 376, where it was distinctly intimated that in order to justify the application of the statute making mortgages, whether honest or not, absolutely void for want of filing or possession, some act must be done or some detriment sustained during the interval. As against all such rights a mortgage without such possession or filing is absolutely, and not merely presumptively, void, while conveyances not by way of mortgage are only presumptively void under such circumstances. *Cooper v. Brock* 41 Mich. 488, and cases above cited. The case of *Wallen v. Rossman* 45 Mich.

333, where a different rule is claimed to have been given, was one where the debt was incurred subsequently to the date of the mortgage, as appears by the original record, the facts not being set out in the report.

There seems to be no good reason why a chattel mortgage which is otherwise honest should not become operative on delivery of the goods and take effect from such delivery. If a party could make a new mortgage and immediate delivery which would be valid, no good reason is manifest why one already signed, but needing delivery of the property to complete it, should not be made complete by such delivery where no one has obtained rights or been prejudiced by the delay. This in no way prevents the presumptions which the postponement of delivery creates against good faith, but leaves the matter to be explained. Any considerable delay would necessarily lead to increased suspicions. It is to be remembered that filing in the proper office is equivalent for saving purposes to actual delivery of property, and this is often delayed by mistake as to the proper office, or by other causes involving no fraud. Rules so stringent as to destroy honest transactions by such omissions must have a reasonable application. The object of the statute is to prevent and not to facilitate fraud; and such a construction as was adopted below would not, in our opinion, tend to good.

We do not mean to decide that creditors who have actually been damnified by reliance on the title being clear, to postpone action, may not be protected. But, as already suggested, if a new mortgage would be valid against them they cannot be damnified by the completion of an inchoate one.

No other points seem to have been considered below, and we make no remark upon the remainder of the record.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.