## ASHLEY B. CHIPMAN v. LAVINIA W. KELLOGG, EXECUTRIX.

*Evidence—Books of deceased trustee, as also his declarations, competent to show condition of trust fund and recognition of preferred claim filed against his estate—Exemption—Each partner entitled to—If each selects same article officer may make selection for them—Assignment for benefit of creditors—Until selected, exemption of assignor part of trust fund—Assignee not liable to suit for until demand by claimant—If fund expended for purposes of assignment, with assignor's consent, exemption lost—Trustee's estate liable for balance of exemption in its hands—Claimant need only show preferred right, and existence of unexpended fund to apply upon it.*

1. On appeal by an executrix from the allowance of a claim against the decedent's estate for the balance of a trust fund found to be in his hands at death, his books containing his account with the trust fund, and his declarations and admissions on the subject, are admissible in evidence to show the *condition* of the fund and his *recognition* of the claim.

2. Where an execution is levied upon a stock of goods belonging to a copartnership, each partner is entitled to his statutory exemption; and if each selects the same article the officer may make a selection for them. *Skinner v. Shannon*, 44 Mich. 86.

3. Where an assignment is made of property subject to the assignor's

statutory exemption, and from which the exempt portion has not been selected by the assignor, it comes of necessity within the body of the trust until steps are taken for its separation; and it is incumbent on the claimant to take steps, by demand or otherwise, before the trustee can be put in fault and made liable to an action.

4. Two copartners made an assignment of a stock of goods for the benefit of their creditors *subject* to their statutory exemption, which all parties supposed was $250, and, having consented to a sale of the stock in gross, received said exemption from the proceeds of such sale. After the death of the assignee a claim for the *second* exemption was filed against his estate, and, on appeal from the award of the commissioners on claims, the court found that the assignee had expended the trust fund in his life-time, with the *consent* of the assignors, except a balance in the hands of his estate of $87.66, which sum was awarded to the claimant and judgment entered accordingly.

*Held*, that as all parties had treated the trust fund, less the *one* exemption, as subject to the general purposes of the assignment, the assignors lost all claim to so much of the assigned estate as had been used *with* their consent in derogation of their present claim, and that their right against the estate was limited to the remnant undisposed of.

*Held*, further, that all that the claimants were bound to show was their preferred right, and the existence of unexpended money in the hands of the estate to apply upon it.

Error to Berrien. (Smith, J.) Argued February 18, 1886. Decided April 8, 1886.

Appeal from Probate Court by Executrix. Affirmed. The facts are stated in the opinion.

*James A. Kellogg*, for appellant:

The amount of the statutory exemptions was fixed at $500, and an action of assumpsit for money had and received lay the moment the assignee sold the stock of goods. This action is peculiarly equitable in its nature, and lies whenever an express or implied trust to pay over money has been violated: *Beardslee v. Horton*, 3 Mich. 560; *Moore v. Mandlebaum*, 8 Id. 433; *Catlin v. Birchard*, 13 Id. 110; *Spencer v. Towles*, 18 Id. 9; *Atkinson v. Scott*, 36 Id. 18.

Such action will lie whenever the sum held in trust is fixed and certain: *Johnson v. Johnson*, 120 Mass. 465, and cases collected and reviewed in the opinion.

The finding that plaintiff is entitled to recover the balance in the hands of the estate of $87.66 is erroneous.

More than six years intervened between the accruing of a right of action in favor of the assignors for the value of the exemption, and the commencement of this proceeding, and the statute was a bar: Wood on Limitations, p. 109, note; *Bank of U. S. v. Daniels*, 12 Peters, 32; and a constructive trust is subject to the statute: *Farnam v. Brooks*, 9 Pick. 212.

*Edward Bacon*, for plaintiff:

The property mentioned in the exception in the assignment was transferred to the assignee, and he took the same under the assignment as a trustee, and must so hold the same until selection and delivery to the assignors: *Hollister v. Loud*, 2 Mich. 323–6; *Smith v. Mitchell*, 12 Id. 190; *Brooks v. Nichols*, 17 Id. 41; *Sheldon v. Rounds*, 40 Id. 425; Story's Eq. Jr. Vol. 1, Sec. 367.

No verbal promises by the assignee to the assignors ended or impaired the trust in their favor, or limited their remedy to an action at law: *Calder v. Moran*, 49 Mich. 14; and suit could not be maintained by the assignors for the property excepted, without a demand, or such actions or words on the part of the assignee as would do away with the necessity for a demand: *Ball v. Liney*, 48 N. Y. 6; *Downes v. Bank of Charlestown*, 6 Hill, 297; *Winkley v. Foye*, 33 N. H. 171.

No change of the goods into money could lessen, impair, or terminate the trust in favor of the assignors any more than the trust in favor of the creditors: Story's Eq. Jr. Secs. 1223, 1258; *Cook v. Tullis*, 18 Wall. 332.

The assignee and trustee gained no rights, and the assignors lost none, by any mistake of law or fact, or both, which caused the amount covered by the exemption to be estimated at no more than $250: *Moore v. Mandlebaum*, 8 Mich. 448; *McGoren v. Avery*, 37 Mich. 120; Pothier on Obligations, 385–7; also *Graves v. Northrup*, 19 Conn. 548, containing words as follows: "Where a party acts upon the misapprehension that he has no title at all in the property, it involves a mistake of fact arising from a mistake of law, and a party cannot be said to intend to part with a right or title of whose existence he is ignorant, and if he does not so intend, a court of equity will relieve him from loss."

CAMPBELL, C. J. Plaintiff presented a claim against the estate of Henry F. Kellogg, deceased, which was carried by appeal from the commissioners to the circuit court for the

county of Berrien, where he obtained judgment. Error is brought by the estate.

The claim arose out of an assignment for the benefit of creditors, made May 11, 1876, by the firm of A. B. Chipman & Son to decedent, which was, by its terms, made to except the statutory exemptions of the partners, who were plaintiff and Gordon Chipman, to whose right plaintiff has become entitled. The assigned property included a stock of goods and some claims and securities. In order to facilitate a sale, the assignors consented to have the whole stock sold together, and to receive the amount of their exemption from the proceeds of the trust. A sale was made shortly after, and the price was received during that and the next year.

The parties all acted upon the idea that there was but one exemption, to the extent of $250, and decedent turned over notes out of which that amount was collected. Subsequently a decision of this Court held that each partner owned an exemption, and in 1882 a demand was made against the assignee. The court found there was a balance of assigned funds in the hands of the estate of $87.66 which plaintiff was entitled to, but that under the circumstances there was no claim for any more, and gave judgment for that amount.

The only substantial question in the case is whether the action is barred by the statute of limitations. We think there is no doubt of the admissibility of the books of the trust kept by decedent, and of his declarations and admissions on the subject, to show the condition of the fund, and the recognition of the claim if not barred.

It is claimed by defendant that immediately on the collection by the assignee of money enough from the assets to pay the exemption he became, without further ceremony, liable in an action for money had and received, so that the statute then began to run. It is not found by the court, and the testimony does not make out very clearly, that all the money for the goods was received six years before the assignee died; but there was, perhaps, testimony authorizing a request to find the law on that basis. But the court finds expressly that $250 of the exemption claim was paid by notes turned over, and there is no finding when this was done, except

that it was done before the parties found out they were entitled to $500. It is entirely consistent with a payment within six years, and there is no charge asked, or exception taken, which would cover the question of the effect of this payment to postpone the operation of the statute. But we think the court took a proper view of the case in treating the claim as falling within the trust, and as attaching to the trust fund.

It was held in *Sheldon v. Rounds*, 40 Mich. 425, that where an assignment is made of property subject to exemption, and from which the exempt part has not been selected, the exempt interest comes of necessity within the body of the trust, until steps are taken for its separation. That was a case in bankruptcy, but the rule is applicable to all cases where the whole property is put in the hands of the person entitled to deal with the remainder. Under such circumstances it is the duty of the claimant to take some steps, by demand or otherwise, before the trustee can be put in fault and made liable to an action. In the present case, from the finding, it appears that no desire was expressed to have the assignee pay over more than $250; and that by the mutual but mistaken belief of both parties no objection was raised to treating the remainder as subject to the general purposes of the assignment; but the fund remained subject to this exemption until exhausted, as it was contained on the face of the assignment itself, and plaintiff stood on the same footing as any other beneficiary of a trust. His interest was in the fund itself, and not a mere personal demand against the trustee; and the court below held rightly that while he lost all claim to so much of the assets as had been used by his consent in derogation of his claim, he had a right to the remnant undisposed of. All that he was bound to show was his preferred right, and the existence of unexpended money to apply on it in the hands of the estate. The other questions all became immaterial.

The judgment must be affirmed, with costs, and the result certified accordingly.

The other Justices concurred.