## In re ANDREWS & SIMONDS.

(District Court, W. D. Michigan. December, 1911.)

1. BANKRUPTCY (§§ 396, 400*)—EXEMPTIONS—WHAT LAW GOVERNS.

The exemptions allowed to a bankrupt are fixed and prescribed by the statutes of the state of his domicile, but the provisions of Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), are controlling as to the time and manner of claiming, awarding, selecting, and setting apart such exemptions, which provisions should be liberally construed with a view to conserving a bankrupt's right thereto.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 664, 671–675; Dec. Dig. §§ 396, 400.*]

2. BANKRUPTCY (§ 397*)—EXEMPTIONS—STOCK IN TRADE.

Comp. Laws' Mich. 1897, § 10,322, subd. 8, provides that there shall be exempt to a debtor the tools, implements, materials, stock, apparatus, team, vehicles, horses, harness, or other things to enable him to carry on the profession, trade, occupation, or business in which he is wholly or principally engaged, not exceeding in value $250. Held that, where it appeared from the individual schedules of a member of a bankrupt firm that he owned no property of the character exempted except his interest in the stock of merchandise owned by and used in the business of the firm, he was entitled, before a sale of such assets by the trustee, to $250 worth of the stock as his exemption, and after the sale to the same amount in cash, provided his claim was properly and seasonably made in accordance with Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 678; Dec. Dig. § 397.*]

3. BANKRUPTCY (§ 400*)—EXEMPTIONS—PARTNERSHIP.

Bankruptcy Act July 1, 1898, c. 541, § 7(8), 30 Stat. 548 (U. S. Comp. St. 1901, p. 3425), makes it the duty of the bankrupt to prepare, make oath to, and file in court a schedule of his property and a claim for such exemptions as he may be entitled to, and section 47a(11) requires trustees in bankruptcy to set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after appointment. General Order 17 (89 Fed. viii, 32 C. C. A. xix) provides that a trustee shall make report to the court, within 20 days after receiving the notice of his appointment, of the articles set off to the bankrupt by him, according to Bankruptcy Act, § 47, with the estimated value of each article. In bankruptcy proceedings against a partnership, neither of the partners had individual assets, and in both the partnership schedules and his individual schedules one of the partners made claim for exemptions under the state law. Held, that where, prior to his adjudication, the bankrupt was deprived of the possession of the property by an officer of the court, acting under a court order, and the trustee in bankruptcy sold the property without notice to him and without giving him an opportunity to make a selection of exemptions before

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sale, it was proper to permit him to claim his exemptions out of the proceeds of the sale.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 671–675; Dec. Dig. § 400.*]

In the matter of bankruptcy proceedings against Andrews & Simonds. Petition by William A. Simonds for payment of exemptions in cash out of the proceeds of a sale of partnership property. From a referee's order denying the petition, the petitioner filed a petition to review. Reversed, with directions.

A. M. & C. H. Stearns, for bankrupt.
Osborn & Mills, for trustee.

SESSIONS, District Judge. On the 1st day of March, 1911, the firm of Andrews & Simonds and the individual members thereof were adjudged bankrupts in involuntary proceedings instituted by their creditors. The firm assets consisted of a stock of merchandise, store accounts, and equipment for carrying on the firm business. The individual assets of William A. Simonds, one of the members of the firm, consisted of a half interest in two promissory notes, some life insurance policies, and some exempt household goods. Prior to the adjudication of bankruptcy a receiver of the firm business had been appointed by the state court, and, at the time of the adjudication, the firm property was in the possession of the receiver and later was turned over by him to the trustee in bankruptcy. William A. Simonds filed partnership schedules on March 14, 1911, and his individual schedules on March 16, 1911. In the partnership schedules the claim for exemptions is set forth as follows:

"William A. Simonds, one of said copartners, makes claim for his exemptions in said copartnership business under the eighth subdivision of section 10,322 of the Compiled Laws of 1897 of the state of Michigan—250."

In his individual schedules the claim for exemptions is as follows:

"Household furniture, goods, and utensils, library and school books and family pictures, and other personal property exempted by the provisions of section 10,322 of the Compiled Laws of 1897 of the state of Michigan."

The eighth subdivision of said section 10,322 is as follows:

"Eighth, the tools, implements, materials, stock, apparatus, team, vehicles, horses, harness, or other things, to enable any person to carry on the profession, trade, occupation or business in which he is wholly or principally engaged not exceeding in value two hundred and fifty dollars."

His schedule of assets contains the following:

"(c) Stock in trade—none excepting copartnership interest in the business of Andrews & Simonds, as scheduled."

"(k) Machinery, fixtures, apparatus, and tools used in business with the place where each is situated—none excepting interest in business of Andrews & Simonds, as scheduled."

On March 27, 1911, the trustee filed his petition for authority to sell the copartnership property, and on April 8, 1911, he was authorized to make the sale. On April 25, 1911, he sold the "stock of

goods, horse, harness, wagon, and equipment" for $3,575, and the sale was confirmed. No notice of the sale was given to the bankrupt. Nor was he requested by the trustee to select his exemptions. On June 2, 1911, William A. Simonds filed his petition asking for an order for the payment to him by the trustee of the sum of $250 from the proceeds of the sale of the copartnership property, as his exemption. The order of the referee denying the petition is now here for review.

[1] The exemptions allowed a bankrupt are fixed and prescribed by the statutes of the state of his domicile; but the provisions of the bankruptcy act are controlling as to the time and manner of claiming, awarding, selecting, and setting apart such exemptions, and the law is well settled that these provisions of the bankruptcy act should receive a liberal and not a narrow or technical interpretation. The laws securing exemptions are not to be frittered away by construction so as to destroy their value.

[2] The state statute above quoted expressly provides that a debtor shall be allowed an exemption of $250 consisting of stock in trade in his principal business. In Michigan each member of a firm may claim this amount of the firm goods. Skinner v. Shannon, 44 Mich. 86, 6 N. W. 108, 38 Am. Rep. 232; Waite v. Mathews, 50 Mich. 392, 393, 15 N. W. 524; McCoy v. Brennan, 61 Mich. 362–367, 28 N. W. 129, 1 Am. St. Rep. 589. It appears from the individual schedules of William A. Simonds that he owned no property of that character except his interest in the stock of merchandise owned by and used in the business of the firm of Andrews & Simonds. Clearly then, William A. Simonds, before the sale, was entitled to $250 worth of that stock as his exemption, and, after the sale, was entitled to the same amount in cash, if his claim for it was made properly and seasonably, in accordance with the provisions of the bankruptcy act.

[3] The precise question to be determined is this: Must the bankrupt lose and forfeit the exemption which the law gives to him if he fails to claim and select specific articles of exempt property, or, if he makes a general claim for all the exempt property of a specified class which is allowed to him by law, does it then become the duty of the trustee in bankruptcy to make the selection for him? The answer to this question must be sought in the provisions of the bankruptcy act itself and in the construction thereof by the courts.

The material and relevant provisions of the bankruptcy act are as follows: Section 7 (8) makes it the duty of a bankrupt to prepare, make oath to, and file in court a schedule of his property and "a claim for such exemptions as he may be entitled to." Section 47a (11) requires trustees in bankruptcy to—

"set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment."

General Order 17 (89 Fed. viii, 32 C. C. A. xix) provides that:

"A trustee shall make report to the court within twenty days after receiving the notice of his appointment, of the articles set off to the bankrupt by him, according to the provisions of the forty-seventh section of the act, with the estimated value of each article."

The caption of the official form of schedule B (5) is as follows:

"A particular statement of the property claimed as exempted from the operation of the acts of Congress relating to bankruptcy, giving each item of property and its valuation, and if any portion of it is real estate, its location, description and present use."

There is nothing in the bankruptcy law, except the above caption to the official form of schedule, which either requires or even suggests that the bankrupt must specify the articles in a stock of goods which he claims as his exemption. On the contrary, the law expressly lays upon the trustee the duty to select and set apart the exemption. In other words, if the bankrupt has clearly indicated his intention not to waive his exemption and has also specified the particular class of property owned by him from which he claims his exemption, it then becomes the duty of the trustee to select and sever the exemption from the mass of property belonging to the estate of the character and in the class indicated. This view is supported by authority.

In re Friedrich (C. C. A., 7th Cir.) 3 Am. Bankr. Rep. 801, 100 Fed. 284, 40 C. C. A. 378, the bankrupts were copartners in trade in Wisconsin. The schedule or inventory of the copartnership estate had subjoined to it this statement:

"But out of the above property each of the partners selects his exemption under the statutes of the state of Wisconsin."

Neither of the copartners had individual estates. After a trustee had been appointed, the bankrupts applied to the court for an order directing the trustee to permit each of them to select from the stock in trade goods to the value of $200 as property exempt by virtue of the laws of Wisconsin. The court said:

"We do not think that an actual severance from the common stock of the articles claimed as exempt before petition in bankruptcy filed is essential. In our judgment, the bankruptcy act clearly indicates to the contrary. * * * The act thus clearly indicates that the severance in fact of exempt property from the general estate is to be made by the trustee, not by the debtor, and the value of that so severed is to be determined in the first instance by the trustee, not by the debtor. The bankruptcy law allows to debtors the exemptions provided by the law; but the manner in which the exemptions are to be claimed, set apart, and awarded is regulated by the bankruptcy act. The provision is wholesome, for much abuse of the beneficent law allowing exemptions might arise if, with respect to a general stock of goods, the debtor should be permitted to place upon selected articles his own estimate of value. It is sufficient, we think, if the debtor manifest by his petition in bankruptcy his claim of exemptions which the law allows him. This is a sufficient negative of an intention to waive them."

In Burke v. Guarantee Title & Trust Co. (C. C. A., 3d Cir.) 14 Am. Bankr. Rep. 31, 134 Fed. 562, 67 C. C. A. 486, the precise question here presented was determined by the Circuit Court of Appeals of the Third Circuit in favor of the bankrupt. See also, Goodman v. Curtis (C. C. A., 5th Cir.) 23 Am. Bankr. Rep. 504, 174 Fed. 644, 98 C. C. A. 398.

The fact that the stock of goods from the proceeds of the sale of which the exemption is claimed in this case was copartnership property in which neither copartner had a separate interest, and which,

at the time of the adjudication, was not in the possession of the bankrupts, but was in the hands of a receiver who turned it over to the trustee, has an important bearing upon the question presented.

In re Kane (C. C. A., 7th Cir.) 11 Am. Bankr. Rep. 533, 127 Fed. 552, 62 C. C. A. 616, the stock of goods belonging to the bankrupt was in the possession of a mortgagee at the time of the adjudication, and the receiver in bankruptcy took possession of the stock from the mortgagee under an arrangement, and, after the bankruptcy proceedings, sold the property, paying to the mortgagee the amount of his debt. In the schedule, the claim of exemption was for two suits of clothing, a gold watch, and "the sum of $365. Your petitioner being the head of a family and residing with the same, all of the above property is claimed as exempt under section 13, c. 52, Revised Statutes of Illinois, approved May 24, 1877." After the sale of the property, the bankrupt petitioned the court for an order requiring the trustee to set apart his exemptions in cash. The referee denied the order, but the District Court reversed his ruling, and the Circuit Court of Appeals affirmed the decision of the District Court, saying:

"A court of bankruptcy is a court of equity, seeking to administer the law according to its spirit, and not merely by its letter. The bankruptcy act provides that it shall not affect the allowance to bankrupts of the exemptions prescribed by the state laws at the time of the filing of the petition. * * * The statute of Illinois, after exempting certain specific property, exempts $100 worth of other property, to be selected by the debtor, and, in addition when the debtor is the head of a family, and resides with the same, $300 worth of other property, to be selected by the debtor. It is insisted that the bankrupt is not entitled to his exemption because he had not claimed specific articles of property. The bankruptcy act allows the exemption which the state law provided, and these laws, from motives of public policy, should be liberally construed. Courts of bankruptcy are not controlled as to the time or the manner in which claims for exemptions may be preferred in bankruptcy. * * * The purpose of the state statute of exemptions was to allow the debtor property to a certain amount for the support of his family, that they should not be cast destitute upon the world. It is true that statute provided that the debtor should select the articles. The bankruptcy law allowed that exemption, recognizing the public benefit of such exemption. But the manner of its allowance is reserved to the bankruptcy court, and its action is not controlled by the specific manner of allowance prescribed by the state law, for the trustee is to set off to the bankrupt the exemptions claimed, with the estimated value of each article; and cases are not infrequent, where it appeared for the benefit of all concerned, that the stock should be sold as an entirety, that it was so sold by arrangement between creditors and debtor, and courts have upheld the claims of the debtor to the value of his exemptions from the proceeds of the sale. And that is just. Here the entire stock of goods was mortgaged, and in possession of the mortgagee, and advertised for sale. The debtor could not claim any specific article as exempt, because every article was subject to the mortgage, and no one article could be set apart to the debtor. The entire stock was subject to sale to satisfy the lien of the mortgage. It would be most inequitable to say that under such circumstances the debtor cannot be allowed to claim as exempt a sum of money from the proceeds equal to the amount allowed by the law. It would be equivalent to saying that he had waived his exemption because he had not done that which it was impossible for him to do. We are not able to construe the bankruptcy act to effect so inequitable a conclusion."

It has been held in numerous cases that it is not improper to permit the bankrupt to claim the proceeds of the sale of exempt property if such property has been sold by order of the court before the time for filing schedules has expired. Lipman v. Stein (C. C. A., 3d Cir.) 14 Am. Bankr. Rep. 30, 134 Fed. 235, 67 C. C. A. 17; In re Sloan (D. C. Pa.) 14 Am. Bankr. Rep. 435, 135 Fed. 873; In re Renda (D. C. Pa.) 17 Am. Bankr. Rep. 521, 149 Fed. 614; In re LeVay (D. C. Pa.) 11 Am. Bankr. Rep. 114, 125 Fed. 990.

The same reasoning and the same rule ought to apply to a case like the present where, prior to his adjudication, the bankrupt was deprived of the possession of his property by an officer of a court acting under an order of court, and where the trustee in bankruptcy sold the property without notice to him and without giving him an opportunity to make his selection before the sale.

Decisions which seemingly conflict with the views herein expressed have not been overlooked. In re Gerber, 26 Am. Bankr. Rep. 608, 186 Fed. 693, 699–700, 108 C. C. A. 511; In re Baughman (D. C.) 25 Am. Bankr. Rep. 167, 183 Fed. 668; In re Donahey (D. C. Pa.) 23 Am. Bankr. Rep. 796, 176 Fed. 458; In re VonKerm (D. C. Pa.) 14 Am. Bankr. Rep. 403, 135 Fed. 447; In re Blanchard (D. C. N. C.) 20 Am. Bankr. Rep. 417, 161 Fed. 793; In re Prince & Walter (D. C. Pa.) 12 Am. Bankr. Rep. 675, 131 Fed. 546; In re Duffy (D. C. Pa.) 9 Am. Bankr. Rep. 358, 118 Fed. 926.

But a careful perusal and examination of the decisions in these cases will show that in nearly every instance the conclusion reached by the court is based upon a state statute or constitutional provision very dissimilar to the Michigan statute and upon facts entirely different from those in the present case. At any rate, the humane purpose and aim of the bankruptcy law forbid a construction of that law which will deprive an unfortunate debtor of the little property which is given to him for the support of his family and himself and which, it clearly appears, he has not intentionally surrendered to his creditors.

The order of the referee will be reversed, and the trustee will be required to pay the sum of $250 to the bankrupt, William A. Simonds, out of the proceeds of the sale of the stock of goods.