## In re SOLOMON & JOHNSON.

(District Court, E. D. Michigan, N. D. October, 1918.)

### No. 438.

1. COURTS ⊂═366(19)—EXEMPTIONS—WHAT LAW GOVERNS.
   Under Bankruptcy Act July 1, 1898, § 6 (Comp. St. § 9590), providing that exemptions allowed to bankrupts by the state laws shall not be affected, the bankruptcy court, in determining the nature and amount of the exemptions to which the bankrupts are entitled, will follow and adopt the laws of the state of the bankrupts' residence.

2. EXEMPTIONS ⊂═61—PARTNERS—RIGHT TO.
   Under Comp. Laws Mich. 1897, § 10322, and before the enactment of the Uniform Partnership Act, each partner was entitled to exemptions out of the partnership assets to the same extent and in the same manner as if he were carrying on business as an individual.

3. EXEMPTIONS ⊂═61—PARTNERS—RIGHT TO EXEMPTIONS.
   Where Michigan partners were entitled to exemptions in the partnership assets, under Comp. Laws Mich. 1897, § 10322, the right of the partners to exemptions cannot be denied on the theory that one of the partners had drawn from the firm assets a larger share than he was entitled to, for the other partner was not objecting, and creditors could not urge such objections.

4. BANKRUPTCY ⊂═398(3)—EXEMPTIONS—SALE.
   Where each partner was entitled to exemptions in the stock owned by the partnership, held, that the partners' sale of the exemptions before bankruptcy was valid, and the purchaser was entitled to enforce his rights in the bankruptcy proceedings.

In Bankruptcy. In the matter of Solomon & Johnson, bankrupts. Petition to review an order of the referee refusing to set aside to the petitioner, as assignee of the bankrupt, certain exemptions. Order set aside, and cause remanded for further proceedings.

I. S. Canfield, or Alpena, Mich., for petitioner.
Lewis J. Weadock, of Bay City, Mich., for objecting creditors.

TUTTLE, District Judge. This is a petition to review an order of the referee in bankruptcy refusing to set aside to the petitioner, as assignee of the bankrupts, certain exemptions, on the ground that

---

⊂═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

such bankrupts were not entitled thereto as against creditors of the partnership.

The bankrupts were copartners engaged in the grocery business at Alpena, Mich., under the firm name of Solomon & Johnson. One of the partners contributed a larger amount of cash than the other, although they agreed to share equally in the profits; the superior experience and knowledge of one of the partners being considered as the equivalent of the difference in the money actually invested. It was agreed that each partner should draw a certain amount each week as living expenses, and it is the claim of the trustee, which was upheld by the referee, that both partners had, at the time of the filing of the involuntary petition in bankruptcy, drawn from the partnership funds more than they were entitled to draw under the partnership agreement. Shortly before bankruptcy the partners sold their exemptions to the petitioner herein for the sum of $200 each, and this purchaser is seeking to recover the proceeds of the sale of the exempt property.

This sale was made by the bankruptcy court with the consent of the parties interested, and with the understanding that any rights of the purchaser to the exempt property should be transferred to the proceeds thereof. The referee denied the right of one of the partners to any exemptions, and materially reduced the exemptions allowed to the other partner, on the ground that such partners had drawn out more than their proper shares of the partnership assets before the filing of the petition in bankruptcy, and that, therefore, as against creditors, their right to exemptions should be to that extent diminished. The correctness of this ruling is the matter involved on this petition to review.

[1] The meritorious question presented is whether a member of a bankrupt Michigan partnership, who has drawn from the partnership assets more than his share as between himself and his copartner is thereby deprived of the right to claim the full amount of the exemptions provided by the Michigan statute, as against creditors of the bankrupt partnership.

Section 6 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 548 [Comp. St. § 9590]) is as follows:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

In determining the nature and amount of the exemptions to which these bankrupts are entitled, this court will follow and adopt the Michigan statute and the decisions of the Michigan Supreme Court construing and applying such statute. Holden v. Stratton, 198 U. S. 202, 25 Sup. Ct. 656, 49 L. Ed. 1018; In re National Grocer Co., 181 Fed. 34, 104 C. C. A. 47 (C. C. A. 6), 30 L. R. A. (N. S.) 982; In re Baker, 182 Fed. 392, 104 C. C. A. 602 (C. C. A. 6).

[2, 3] The Michigan statute on the subject of exemptions in force at the time of the filing of the petition in bankruptcy herein was sec-

tion 10322 of the Michigan Compiled Laws of 1897, which provided, among other things, that—

"The following property shall be exempt from levy and sale under any execution, or upon any other final process of a court: * * * The tools, implements, materials, stock * * * to enable any person to carry on the profession, trade, occupation or business in which he is wholly or principally engaged, not exceeding in value $250."

While in many, if not most, states, it is held that the members of a partnership are not entitled to exemptions in the partnership assets, in Michigan at the time in question, and before the enactment of the Uniform Partnership Act (Pub. Acts 1917, Mich. No. 72) now in force, the rule was otherwise, and it was settled that each partner was entitled to his exemptions in partnership property to the same extent and in the same manner as if he were carrying on business as an individual. Skinner v. Shannon, 44 Mich. 86, 6 N. W. 108, 38 Am. St. Rep. 232; Waite v. Mathews, 50 Mich. 392, 15 N. W. 524; McCoy v. Brennan, 61 Mich. 366, 28 N. W. 129, 1 Am. St. Rep. 589.

Each of these partners, therefore, was entitled to claim his exemptions in the stock of merchandise owned by this bankrupt partnership. It does not appear that the partners individually were adjudicated bankrupts, or that the property owned by them as individuals has been brought into the possession or under the jurisdiction of the bankruptcy court. Neither partner is complaining of any of the acts of the other nor seeking any accounting as between the members of this partnership. Only the creditors of the partnership are denying the rights of the partners to claim their statutory exemptions, and this solely on the ground that to allow such exemptions will enable each of such partners to draw from the firm assets a larger share than that to which he is entitled under the partnership agreement. It seems clear that these creditors are not in a position to make any such objection. Each of these partners was entitled to the same exemptions in the partnership stock as that allowed to an individual person. His right thereto as against creditors of the partnership is not affected by equities existing between himself and his copartner, any more than the right of an individual to such exemptions is affected by equities existing between himself and third persons. In both cases, the right to the statutory exemptions is an absolute and fixed privilege afforded by the state. The purpose of the exemption is not only to protect every debtor from total destitution, but also to protect the public from the resultant necessity of providing for him as a public charge. The right of an individual to the exemptions prescribed by the statute does not depend upon the extent or character of his indebtedness or his obligations to other persons; nor does the right of a partner to such exemptions depend upon the question whether he has drawn out from the partnership more than his proper share. McCoy v. Brennan, supra.

[4] As each partner was entitled to his exemptions in the stock of merchandise owned by the partnership, the sale thereof to the petitioner was rightfully made and the latter is entitled to enforce his rights as purchaser in the bankruptcy proceedings. In re National Grocer Co., supra.

I am clearly of the opinion that the referee erred in the respect indicated. The order complained of will be set aside, and the cause remanded for further proceedings in conformity with the terms of this opinion.