## In re CLARK et al.

(District Court, W. D. Michigan, S. D. March 3, 1926.)

1. Bankruptcy ⚖=228.

On review of order of referee, only manifest error will justify reversal on the facts.

2. Bankruptcy ⚖=166(4).

Mortgagee *held* to have had reasonable cause to believe that enforcement of mortgage would effect a preference.

3. Bankruptcy ⚖=166(4)—Actual knowledge of creditor that preference would result is not essential to unlawful preference.

Creditor's actual knowledge that transfer would effect preference is not necessary to unlawful preference, if facts were such as should have led to such belief.

4. Bankruptcy ⚖=398(3)—Mortgagee was not entitled to secured claim to extent of partners' exemptions (Comp. Laws Mich. 1915, § 12858 [8]; [Comp. Laws Supp. 1922, § 7966 (1) et seq.]).

Mortgagee of partnership property, under mortgage voidable as effecting preference, *held* not entitled to secured claim to extent of partners' trade exemptions, under Comp. Laws Mich. 1915, § 12858 (8), in view of Uniform Partnership Act (Comp. Laws Mich., Supp. 1922, § 7966 [1] et seq.), abolishing partners' right to claim such exemptions.

5. Exemptions ⚖=61—Uniform Partnership Act abolished partners' right to trade exemption on attachment of property "attached" (Uniform Partnership Act Mich. § 25 [2] [c] being Comp. Laws Supp. 1922, § 7966 [25]; Comp. Laws Mich. 1915, § 12858 [8]).

Uniform Partnership Act, Mich. § 25 (2) (c), being Comp. Laws Supp. 1922, § 7966 (25), abolished partners' right, when property is attached, to claim trade exemption under Comp. Laws Mich. 1915, § 12858 (8); "attached" being given broad meaning, indicating seizure for purpose of bringing into custody of court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Attach.]

In Bankruptcy. In the matter of the bankruptcy of Jerry Clark, Lawrence L. Lobenstein, and the copartnership known as Palace Café. On petition of Jacob Ryskamp, claimant, to review findings of referee sustaining trustee's objection to allowance of secured claim. Order of referee affirmed.

George Norcross, of Grand Rapids, Mich., for trustee.

Wykes & Sherk, of Grand Rapids, Mich., for claimant.

RAYMOND, District Judge. On September 29, 1924, bankrupts gave to Jacob Ryskamp, one of the members of the firm of Ryskamp Bros., a note secured by chattel mortgage in the sum of $1,098. This mortgage covered all of the stock, fixtures, supplies, furnishings, equipment, leases, good will, accounts receivable, and all other property and effects then owned or thereafter acquired by mortgagors in connection with their restaurant business, and was given for the purpose of securing the payment of an indebtedness due to said firm of Ryskamp Bros. from the copartnership.

On November 25, 1924, a voluntary petition in bankruptcy was filed, the schedules disclosing indebtedness of $3,173.61 and as-

sets of $825. After the date of the mortgage Ryskamp Bros. extended additional credit, so that, when bankruptcy ensued, the claim amounted to $1,271.56. Proof of debt in this amount was duly filed with the referee, and the trustee in bankruptcy objected to the allowance of the claim as a secured claim. The referee sustained the objection, on the ground that the mortgage referred to operated to effect a preference, and made findings of fact that, at the time of taking the mortgage, claimant had reasonable cause to believe that its enforcement would effect a preference, and that it was the purpose and intent of claimant to secure such preference.

[1] The matter is before the court on petition to review findings of the referee. It is the law that upon review of the referee's order only manifest error will justify reversal on the facts, for the reason that the referee is in better position to judge of the testimony and to give it due weight. In the case of Ohio Valley Bank Co. v. Mack, 163 F. 155, 158, 89 C. C. A. 605, 608, 24 L. R. A. (N. S.) 184, the rule with reference to the weight to be attached to such findings is stated as follows:

"No arbitrary rule can be laid down for determining the weight which should be attached to a finding of fact by a bankrupt referee. His position and duties are analogous, however, to those of a special master directed to take evidence and report his conclusions, and the rule applicable to a review of a referee's finding of fact must be substantially that applicable to a master's report. * * * Much in both cases must depend upon the character of the finding. If it be a deduction from established fact, the finding would not carry any great weight, for the judge, having the same facts, may as well draw inferences or deduce a conclusion as the referee. But, if the finding is based upon conflicting evidence involving questions of credibility and the referee has heard the witnesses, much greater weight naturally attaches to his conclusion, and the weight of authority is that the district judge, while scrutinizing with care his conclusions upon a review, should not disturb his finding unless there is most cogent evidence of a mistake and miscarriage of justice."

[2] An examination of the testimony leads to the conclusion that there is no sufficient reason to disturb the referee's findings of fact in this matter. The record shows clearly that during the two years bankrupts were in business there was no time when they were not indebted to claimant's firm. At the time the chattel mortgage was given, claimant was

so suspicious of the condition of bankrupts' affairs that he stated that he could not extend any more credit, even after the mortgage was given, and it appears that the sole reason that more credit was given was in order to keep the business in operation until it could be sold. Before taking the mortgage, claimant was fully advised of the existence of another past-due obligation in excess of $1,100, and was informed that this claim was about to be put into the hands of attorneys for enforcement.

[3] It has been repeatedly pointed out by the authorities that it is not necessary that the preferred creditor shall have had actual knowledge, either of insolvency or that the effect of the transfer would be to effect a preference. It is sufficient to prove that the circumstances, taken together, were such as would naturally have led an ordinary business man to the true belief as to debtors' actual condition and as to the effect of the transfer. The test is: What inference would the ordinarily intelligent business man draw from the facts? There can be no question in this case that only by closing his eyes to known and obvious facts could claimant conclude otherwise than that bankrupts' condition at the date of the mortgage was that of insolvency, and that the giving of the mortgage would result in a preference in event of failure to promptly make a sale of the assets at a price much in excess of their true value.

[4, 5] Claimant insists, however, that, even if the mortgage be held preferential and therefore voidable by the trustee, nevertheless the mortgage is good as a secured claim to the amount of the statutory trade exemptions of the two partners of $250 each, as provided by section 12858 (8) of the C. L. of Michigan of 1915. If it were not for the Uniform Partnership Act (Act 72 of Public Acts of Mich. 1917; section 7966 [1] et seq., Comp. Laws of Mich. 1922 Supp.), it is probable that, by reason of the stipulation entered into between claimant and the trustee, which provides that the proceeds of the sale of bankrupts' property shall continue and be subject in all respects to the mortgage as fully and to all intents and purposes as was the property described in said mortgage, claimant would be entitled to a proportionate share of the proceeds arising from the sale of exempt property. See In re National Grocer Co., 181 F. 33, 104 C. C. A. 47, 30 L. R. A. (N. S.) 982; In re Andrews & Simonds (D. C.) 193 F. 776; In re Hutchinson (D. C.) 197 F. 1021.

A careful consideration of the Uniform Partnership Act, however, leads to the con-

clusion that its effect was to abolish the rule announced in Skinner v. Shannon, 6 N. W. 108, 44 Mich. 86, 38 Am. Rep. 232, Waite v. Mathews, 15 N. W. 524, 50 Mich. 393, Chipman v. Kellogg, 27 N. W. 592, 60 Mich. 438, and McCoy v. Brennan, 28 N. W. 129, 61 Mich. 363, 1 Am. St. Rep. 589, that each member of a partnership is entitled to exemptions in partnership property. That rule was contrary to the great weight of authority. See 4 A. L. R. 300, 343; 25 C. J. 87. Bearing in mind the fact that the primary purpose of the Legislatures of the several states in adopting the acts recommended by the Commissioners on Uniform State Laws is to avoid the uncertainty and confusion incident to the conflict in decisions, and generally to adopt the majority rule, it is impossible to escape the conclusion that that part of section 25 (2) (c) of that act (section 7966 [25], Comp. Laws 1922 Supp.) reading as follows: "When partnership property is attached for a partnership debt, the partners, or any of them, or the representatives of a deceased partner, cannot claim any right under the homestead or exemptions laws"—was intended to bring about that result.

The use of the word "attached" in the statute, instead of more general language, may create some doubt as to whether this intent has been expressed in the statute. This matter has been thoroughly and ably discussed in the case of In re Safady Bros. (D. C.) 228 F. 538, and the conclusion was there reached that the rule in Wisconsin had been changed by the statute to accord with the majority rule, and that the word "attached" should be given its broad meaning, to indicate any seizure of property for the purpose of bringing it within the custody of the court. It appears to this court that any other conclusion would defeat the plain intent and purpose of the Legislature. See, also, In re Solomon v. Johnson (D. C.) 254 F. 503.

The order of the referee will be affirmed.