SCHEFMAN et al. v. DE GROOT.

Circuit Court of Appeals, Sixth Circuit.
March 18, 1929.

Rehearing Denied May 10, 1929.

No. 5184.

Clare J. Hall, of Grand Rapids, Mich., for appellants.

Albert J. Cook, of Grand Rapids, Mich. (Corwin, Norcross & Cook, of Grand Rapids, Mich., on the brief), for appellee.

Before MOORMAN, MACK, and HICKS, Circuit Judges.

HICKS, Circuit Judge. Henry Bosscher and Robert Westveld were partners in the grocery business under the firm name of De Young & Co. The partnership and copartners were adjudged bankrupt. Each bankrupt claimed a stock in trade exemption of

$250, according to the provisions of subdivision 8 of section 12858, Compiled Laws of Michigan 1915, and they each had made assignment thereof to petitioners, Abe and Frank Schefman, doing business as Abe Schefman & Co. The trustee contested these claims, the referee denied them, the court confirmed the order of the referee, and Schefman & Co. appealed and assigned error. The only question is: Are the bankrupts entitled to the exemptions claimed?

Section 7966(25)(2)(c), 1922 Supp. Compiled Laws of Michigan, is as follows: "A partner's right in specific partnership property is not subject to attachment or execution, except on a claim against the partnership. When partnership property is attached for a partnership debt, the partners, or any of them, * * * cannot claim any right under the homestead or exemption laws."

The word "attached" is entitled to a broad meaning, as indicating any seizure for the purpose of bringing the bankrupt into the bankruptcy court. In re Clark (D. C.) 11 F. (2d) 540, 542; In re Safady Bros. (D. C.) 228 F. 538, 542. This section is section 25 (2)(c) of the Uniform Partnership Act, adopted by Michigan in 1917. If it constitutes a valid exercise of legislative power, the referee and judge were right. Otherwise not.

Appellants contend that it is unconstitutional, and point to section 1, art. 14, of the Michigan Constitution of 1908, as the provision violated. This section is as follows: "Section 1. The personal property of every resident of this state, to consist of such property only as shall be designated by law, shall be exempted to the amount of not less than five hundred dollars from sale on execution or other final process of any court."

It is clear that Bosscher and Westveld were residents of the state (Skinner v. Shannon, 44 Mich. 88, 6 N. W. 108, 38 Am. Rep. 232), and that the exemptions claimed by them had been "designated by law" (section 12858, cl. 8, C. L. Mich. 1915), as provided in the Constitution. The real controversy therefore arises over whether the property claimed as exempt was the property of the individual partners, Bosscher and Westveld, so as to entitle them to it under the Constitution and exemption statute or whether it belonged to the partnership. Appellants rely upon Skinner v. Shannon, 44 Mich. 86, 6 N. W. 108, 38 Am. Rep. 232; Waite v. Mathews, 50 Mich. 393, 15 N. W. 524; Chipman v. Kellogg, 60 Mich. 438, 27 N. W. 592, and McCoy v. Brennan, 61 Mich. 362, 28 N. W. 129, 1

Am. St. Rep. 589. As Skinner v. Shannon is the leading case we notice it only.

In this case, decided in 1880, the Michigan Supreme Court held that the members of a firm were entitled to claim the statutory exemptions out of partnership property. The opinion proceeded upon the idea that the whole object of the exemption law was to prevent one from being stripped of all means or carrying on his business, and it was therefore entitled to a liberal construction to this end, and to accomplish this humane purpose the court adopted the judicial conception that copartners had such peculiar rights in partnership property as to entitle them under the above-quoted constitutional provision to the benefit of the exemption statute; but the Skinner Case wrote no new clause into the Constitution, as of course it could not. It undertook to interpret no constitutional provision touching partners, partnerships, or partnership property for there was no such provision. It simply held that a partner had an interest in partnership property, and his right to statutory exemptions under the Constitution followed as a matter of course.

The Constitution says nothing of partnerships. It establishes no fixed and permanent status for partnership property or the partnership relation. It holds out no guaranty that any particular legal notion of a partnership will continue unchanged during the life of the Constitution. It contains no inhibition against such legislative enactment defining and regulating the partnership relation as may seem to be justified by the public welfare. The Legislature was free to formulate such theory or doctrine with reference thereto as seemed to it wise, and Michigan early adopted the Uniform Partnership Law. The law came in Michigan, no doubt as in many other states, as its names implies, as a result of the widespread need for a single, simplified formula defining partnership relations. Theretofore there was no certainty in the law upon the subject. The Bankruptcy Act of 1898 regarded a partnership as a distinct entity. U. S. C. tit. 11 (11 USCA) c. 1, § 1, cl. 19. Mills v. J. H. Fisher & Co., 159 F. 897, 899 (C. C. A. 6), 16 L. R. A. (N. S.) 656. Courts of the highest respectability had divergent views. E. I. Du Pont de Nemours Powder Co. v. Jones Bros. (D. C.) 200 F. 639 et seq.; In re Bertenshaw, 157 F. 363 et seq. (C. C. A. 8), 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986, opinion by Judge Sanborn; Jensen v. Wiersma, 185 Iowa, 551, 170 N. W. 780, 4 A. L. R. 298, and cases cited in the notes.

Michigan itself for most purposes regard-

ed a partnership as a distinct legal entity owning its own property. In re Telfer (C. C. A.) 184 F. 225 et seq. The Uniform Partnership Law made clear that which had theretofore been troublesome and doubtful. In well-chosen language it stated the substantive law of partnership and fixed the relation of the partners, not only to each other, but to the firm. It provided that all property acquired on account of the partnership, or, unless the contrary intention appeared, acquired with partnership funds, is partnership property.

Section 24 of the act declares that "the property rights of a partner are (1) his rights in specific partnership property; (2) his interest in the partnership; and (3) his right to participate in the management." Section 25 declares the "nature of a partner's right in specific partnership property." Section 26 declares the "nature of partner's interest in the partnership." These specific provisions are briefly recapitulated in the referee's findings, to wit:

"The partner's rights in the specific property of the firm is that of a co-owner holding as 'tenant in partnership,' the incidents of which tenancy, as established by this statute are, among other things, that the right is not separably assignable, and that it entitles the partners to possession for partnership purposes only, section 25, subd. (a) and (b); that it is not subject to attachment or execution, except on a claim against the partnership subdivision (c); that it is not subject to dower, curtesy, or allowance to the partner's individual heirs or next of kin, subdivision (e); that on the partner's death no title vests in his heirs or next of kin, but possession passes to the surviving partner (or to the legal representative of the last surviving partner), who 'has no right to possess the property for any but a partnership purpose,' subdivision (d)." On the other hand, the statute defines the 'partner's interest in the partnership' as 'his share of the profits and surplus and the same is personal property.'" Section 26.

"Part IV, § 18, subd. (a), provides that loans and advances by a partner shall be repaid; and that the right of the individual partners (defined in section 26, as his interest in the partnership) is a right to share in profits and surplus remaining after all liabilities including those to partners are satisfied. The statute provides and declares that if the partner's interest in the partnership is separately conveyed by a partner, assignee thereby acquires no right of management or other right of a partner, but merely the right to receive the profits to which this assignor as partner would be entitled if he had not assigned his interest. See section 27, subd. 1."

We see no constitutional objection to any portion thereof. The Michigan Constitution (section 1, art. 14) guarantees exemptions "designated by law" out of the personal property only of the resident and this is not denied by the act. It only denies exemptions out of partnership property and by section 28, clause 3, it specifically protects his exemption rights in his interest in the partnership; that is to say, in the profits and surplus of the business. As to such individual property the only question is, Does he have it and has it been "designated by law" as exempt? If so, nothing in the Uniform Partnership Law undertakes to forbid his constitutional right thereto.

We conclude that the order of the District Judge, denying the exemptions, was correct. The same result was reached by Judge Raymond in In re Clark (D. C.) 11 F.(2d) 540, but it is fair to say that no constitutional question was there raised. See, also, In re Safady Bros. (D. C.) 228 F. 538.

Finding no error, the order of the District Court is in all things affirmed.