[No. 26439. Department One. February 23, 1937.]

HAROLD J. PATRICIO *et al., Respondents,* v. ROBERT D. SCOTT *et al., Appellants.*[1]

*G. D. Eveland* and *Clarence J. Coleman,* for appellants.

*Sam L. Levinson,* for respondents.

[1]Reported in 65 P. (2d) 215.

MILLARD, J.—Loretta Patricio owned a small tract of land in Snohomish county, about two miles north of the King county line. Defendants purchased, in June, 1935, from Charles McCarthy, a farm located near Sultan, in Snohomish county. That property was subject to a mortgage of which the Federal Land Bank of Spokane was the mortgagee.

In the spring of 1935, plaintiffs were negotiating with McCarthy for an exchange of properties. Those negotiations were fruitless. The latter part of July, 1935, which was shortly subsequent to the acquisition by the defendants of the McCarthy property, the defendants and McCarthy called upon the plaintiffs for the purpose of effecting an exchange of the properties. The exchange was consummated August 8, 1935, at the office of T. D. Davies, local agent for the Federal Land Bank of Spokane.

The latter part of September, 1935, plaintiffs commenced an action to rescind the real estate exchange agreement. The complaint alleged that plaintiffs, in reliance upon the representations of the defendants that the delinquency on the mortgage to which defendants' property was subject was in the amount of twelve hundred dollars, and that the mortgagee had agreed to accept $180 semi-annually, in payment of all obligations under the mortgage, conveyed their property to the defendants and received a conveyance of defendants' property in exchange therefor.

The complaint further alleged that, on August 21, 1935, the plaintiffs discovered the representations of the defendants were false, in that the delinquencies were in the sum of eighteen hundred dollars, and that the mortgagee had not agreed to accept $180 semi-annually in full payment of the delinquencies. Upon such a discovery, the plaintiffs promptly tendered to the defendants a deed of the property conveyed to them and

demanded a reconveyance of plaintiffs' property, with which demand defendants refused to comply. The cause was tried to the court without a jury, resulting in a decree in favor of the plaintiffs. The defendants appealed.

Appellants contend that the court erred in admitting in evidence, over objection, a letter under date of August 21, 1935, from the Federal Land Bank to the respondents. Appellants insist that this incompetent evidence is the only evidence to sustain the decree.

The testimony of the two respondents, to the effect that appellant husband and McCarthy, appellants' agent, called at respondents' home and represented that the delinquencies were approximately twelve hundred dollars, and that the mortgagee bank had agreed to accept $180 semi-annually on the loan, was corroborated by two other witnesses. Appellant husband testified that he did not make the statements, and he further testified that McCarthy did not make such representations. He recalled, however, that a statement was made by Davies, in his presence, concerning the amount of the delinquencies, but he could not remember whether Davies stated the amount was twelve hundred dollars or eighteen hundred dollars. McCarthy testified that he did not make any misrepresentations.

Respondent wife testified that appellant husband and Davies, at whose office the parties called for the purpose of executing the papers in the exchange of the properties, said that, upon payment of two hundred dollars to the mortgagee bank, the balance of the delinquencies would be one thousand dollars. She further testified that Davies told her, in the presence of appellant husband, that the mortgagee bank had agreed to accept $180 semi-annually in payment of the mortgage, including the delinquencies. Mrs. Patricio testified

positively that Mr. Davies informed her that the delinquencies were only twelve hundred dollars. Davies, the local representative of the mortgagee bank, testified, as did McCarthy, that the actual delinquencies, at the time of the exchange of properties, amounted to twelve hundred dollars.

It is a rule, that needs no citation of sustaining authority, that the trial court is in a better position than we to observe the witnesses and to determine their credibility. The allegations as to the representation as to the amount of the delinquencies, if the respondents and their witnesses are to be believed (the decree reflects the acceptance by the trial court of that evidence as true), are amply supported. However, to sustain the decree, not only must the representations be proved, but the falsity of the representations must be established. It fairly appears that the representations were made as by the respondents alleged.

The information contained in the letter which was admitted over objection of the appellants, was to the effect that the delinquencies on the mortgage amounted to eighteen hundred dollars. Manifestly, the letter received by respondents from the mortgagee bank does not prove the statements therein contained as to the amount of the delinquencies on the mortgage. Such evidence was not competent to prove the amount of the delinquencies. The letter was mere hearsay, and should have been excluded. Obviously, the fact that hearsay appears in the form of a letter would not render it admissible. *Moser v. New Amsterdam Casualty Co.*, 153 Wash. 127, 279 Pac. 581.

The admission by the trial court of the letter of August 21, 1935, from the mortgagee to the respondents, does not constitute reversible error, inasmuch as there is competent evidence to sustain the judgment of

the trial court. We have disregarded the incompetent evidence.

It clearly appears that, at the time the representations were made, of which respondents complain, there was a delinquency in the amount of $1,638, to which should be added additional interest and penalties for a period of four and one-half years, from which it is apparent that the delinquencies approximate eighteen hundred dollars. McCarthy, the former owner of the property and appellants' agent, denied making any representations relative to delinquencies when he was at the respondents' home. He also denied that any statement was made in his presence concerning the acceptance by the mortgagee bank of $180 semi-annually on the delinquencies. On cross-examination, however, he testified that he knew that the mortgage was delinquent, but he insisted that no discussion was had with the respondents respecting the manner in which the delinquencies would be paid. He further testified that he owned the property for four years, during which time the payments were $182 semi-annually on the mortgage, and that, during the time he owned the property, no payments were made on the mortgage.

If no allowance is made for additional interest and penalties during the time that McCarthy held the property, the contract became delinquent in the amount of $1,456. To this should be added the installment of $182 due in July, which makes a total delinquency, exclusive of any allowance for additional interest and penalties, of $1,638.

Counsel for appellants further contend that the parties went to the office of Davies, the mortgagee bank's agent, to there ascertain the exact amount of the delinquencies. Therefore, urge counsel for appellants, respondents did not rely upon the allegation of the ap-

pellants that the delinquencies were in the amount of twelve hundred dollars.

Conceding, for the sake of the argument, that respondents relied upon the representations of Davies that the delinquencies were in the amount of twelve hundred dollars, it must be borne in mind that the appellants, who were present, are responsible for the statements made by Davies in their presence. McCarthy, appellants' agent, was also present when the statements were made. He knew, or should have known, as should the appellants, the extent of the delinquencies, although the appellants testified that they did not know what was the true amount of the delinquencies. That the respondents attempted to subsequently verify the appellants' representations by the statements of a third person, made in the presence of the appellants under such circumstances that the appellants must have known respondents relied thereon, does not absolve the appellants of liability for the statements made by such third person.

We do not find, from our examination of the record, evidence of such unequivocal acts of ratification as would evince an intention on the part of the respondents to waive the fraud.

The decree should be, and it is, affirmed.

Steinert, C. J., Main, Blake, and Geraghty, JJ., concur.